# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

## NO. 03-07-00497-CV

**George Lueck, Appellant**

**v.**

**State of Texas and Texas Department of Transportation, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-05-004022, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

Having sua sponte withdrawn our opinion and judgment of November 13, 2009, we substitute the following opinion in place of the earlier one.

Appellant George Lueck filed suit against his former employer, the State of Texas and the Texas Department of Transportation (collectively, the "Department"), for gender-based employment discrimination. The Department filed a plea to the jurisdiction, asserting that sovereign immunity and Lueck's untimeliness and failure to exhaust administrative remedies barred his claims. *See* Tex. Lab. Code Ann. § 21.202(a) (West 2006) (providing that claimant must file administrative complaint within 180 days of allegedly discriminatory employment action). The trial court granted the Department's plea to the jurisdiction and dismissed Lueck's suit. On appeal, Lueck asserts that the trial court erred in granting the Department's plea to the jurisdiction because the statutory

requirement to file an administrative complaint within 180 days does not implicate the trial court's subject-matter jurisdiction. We will affirm the trial court's dismissal order.

**BACKGROUND**

In November 2003, Lueck was employed as the assistant director of traffic analysis in the Department's planning and programming division. According to his first amended petition, he was discharged on November 12, 2003 for gender-motivated reasons in violation of the Texas Commission on Human Rights Act, the relevant portions of which are now codified in chapter 21 of the labor code. *See* Labor Code §§ 21.001-.556.[1] Lueck alleged that he was dismissed along with two other employees, both women, when those employees committed misconduct. Because the Department feared a gender discrimination suit would be brought by the female employees, Lueck asserted, the Department "fabricated excuses" to discharge him as well. He further alleged that after he was discharged, the Department realized that "there had been no reasonable basis to discharge him in the first place," but decided that, "since [Lueck] was a male, it was not a good idea to rehire him." Lueck pleaded that, "on more than one occasion," the Department made the decision not to

---

[1] In 1983, the Texas legislature created the Texas Commission on Human Rights through the Texas Commission on Human Rights Act ("TCHRA") in an effort to correlate state law with federal law in the area of employment discrimination. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). One of the TCHRA's purposes was to create a Texas deferral agency so that the investigation and resolution of employment discrimination complaints could be handled at the state level. *See id.* (citing 42 U.S.C. § 2000e-5(c) and 29 U.S.C. § 633). The legislature has since abolished the Commission on Human Rights and transferred its functions to the Texas Workforce Commission civil rights division. *See* Labor Code § 21.0015. For convenience we will continue to refer to chapter 21 of the labor code as the TCHRA.

2

reinstate or rehire him because of his gender; he did not, however, identify the date or dates on which these decisions were allegedly made.

On June 21, 2005, Lueck filed his first complaint of sex discrimination with the civil rights division of the Texas Workforce Commission (the "Commission"). In the space on his intake questionnaire asking for "Date (month, day, & year) of the Last Incident of Discrimination," Lueck responded, "Ongoing." His description of the employment harm states: "Mr. Lueck was discharged and the employer refuses to rehire or compensate him." In explaining how the adverse employment action was discriminatory, Lueck wrote that the Department "feared two disciplined females would sue [it] unless a token male was sacrificed." On September 20, 2005, the Commission sent Lueck a "Dismissal Notice" stating that the information he provided "is not sufficient to file a claim of employment discrimination under the Texas Commission on Human Rights Act."[2]

In November 2005, Lueck filed suit against the Department under sections 106.001 and 106.002 of the civil practice and remedies code, asking the court to find that (1) he was improperly terminated and refused reinstatement or re-employment because of his gender, (2) the reasons given for his termination were pretexts for discrimination against him, (3) he was entitled to reinstatement and re-employment, and (4) he was entitled to entry of a permanent injunction prohibiting continued discrimination against him in his efforts to obtain reinstatement and employment. Lueck also sought an injunction reinstating him to employment with the Department,

---

[2] The record also contains a charge form that Lueck filed with the Equal Employment Opportunity Commission ("EEOC") on December 20, 2005. On this form, Lueck indicated that the date the discrimination occurred was September 7, 2004, the last date that he applied for positions at the Department.

backpay, wages from the time of judgment until his reinstatement, compensatory damages, pre- and post-judgment interest, attorney's fees, and costs.

The Department filed a plea to the jurisdiction, arguing that Lueck's employment-discrimination claims were barred by sovereign immunity and that he did not timely exhaust his administrative remedies by filing his complaint within 180 days of the allegedly discriminatory employment action. *See* Labor Code § 21.202(a) ("A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred."). In so arguing, the Department relied on the jurisdictional facts asserted in Lueck's petition that he was discharged on November 12, 2003, and that he filed his administrative complaint with the Commission 587 days later, on June 21, 2005. The Department also attached evidence to its plea in response to Lueck's claim that, because of the Department's continued refusal to rehire him, the discrimination was "ongoing" after his November 12 discharge. This evidence included: Lueck's deposition, in which he stated that he applied for four different jobs with the Department in July and August 2004; (2) documents describing the Department's policy of filling positions within 60 days of the job's closing date; and (3) evidence that the job postings to which Lueck applied had all expired by October 2, 2004—i.e., more than 180 days before he filed his administrative complaint with the Commission. The Department further argued in its plea that Lueck's allegations under chapter 106 of the civil practice and remedies code were barred by sovereign immunity and that the 180-day filing requirement applied to those claims as well.

After a hearing, at which Lueck's attorney conceded that Lueck had not complied with the 180-day requirement in the statute, the trial court granted the Department's plea to the jurisdiction. Lueck appeals.

**STANDARD OF REVIEW**

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Texas Parks & Wildlife Dep't v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The TCHRA provides a limited waiver of sovereign immunity when a governmental unit has committed employment discrimination on the basis of race, color, disability, religion, sex, national origin, or age, or when a governmental entity has retaliated or discriminated against a person who engaged in certain protected activities. *See* Labor Code §§ 21.002(8)(D), .051, .254 (West 2006); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.). Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction and is therefore properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26.

Whether a court has subject-matter jurisdiction and whether a plaintiff has pleaded facts that affirmatively demonstrate subject-matter jurisdiction are questions of law that we review de novo. *Id.* at 226. In deciding a plea to the jurisdiction, we are not to weigh the merits of the plaintiff's claims but are to consider the plaintiff's pleadings, construed in the plaintiff's favor, and evidence pertinent to the jurisdictional inquiry. *Id.* at 227-28; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

5

In this case, the jurisdictional inquiry turns on whether, for the Department's sovereign immunity from suit to have been waived, Lueck was required to have filed his administrative complaint with the Commission not later than 180 days after the allegedly unlawful employment practice occurred. The Department asserts that Lueck's pleadings and its own undisputed jurisdictional evidence establish that he failed to do so and that this failure jurisdictionally bars his claims. On appeal, Lueck does not challenge the Department's jurisdictional evidence regarding the relevant dates but argues instead that the 180-day rule does not implicate the trial court's jurisdiction and, by extension, the Department's immunity from suit. In a case such as this, in which the jurisdictional facts are undisputed, the court makes the jurisdictional determination as a matter of law based on those undisputed facts. *Miranda*, 133 S.W.3d at 227-28; *University of Tex. v. Amezquita*, No. 03-06-00606-CV, 2009 WL 1563533, at *1 (Tex. App.—Austin June 4, 2009, no pet.) (mem. op.). We review that determination de novo. *Id.*

To determine whether a statutory requirement is jurisdictional, we apply statutory interpretation principles. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009). In so doing, our goal is to ascertain legislative intent by examining the statute's plain language. *Id.* We review this statutory-interpretation question de novo. *Id*.

## DISCUSSION

In a single issue on appeal, Lueck asserts that the trial court erred in granting the Department's plea to the jurisdiction and dismissing his employment-discrimination claims for lack of subject-matter jurisdiction.

6

As a preliminary matter, we note that Lueck's pleadings in this case state that he was bringing his claims "[p]ursuant to" sections 106.001 and 106.002 of the civil practice and remedies code. This Court has held—and recently reaffirmed—that chapter 106 of the civil practice and remedies code does not comprehend employment-discrimination claims. *See Wright v. Texas Comm'n on Human Rights*, No. 03-03-00710-CV, 2005 WL 1787428, at *2 (Tex. App.—Austin July 27, 2005, pet. dism'd) (mem. op.); *see also University of Tex. v. Poindexter*, 306 S.W.3d 798, 813 (Tex. App.—Austin 2009, no pet.). We again endorse this "longstanding and proper reading" of the statute and hold that the trial court lacked jurisdiction to hear any employment-discrimination claims brought pursuant to chapter 106 of the civil practice and remedies code. *See Poindexter*, 306 S.W.3d at 813 (quoting *Wright*, 2005 WL 1787428, at *2).

Nonetheless, because Lueck also asserted in his first amended petition that the Department's decision to discharge him was made "in violation of the TCHRA," we will liberally construe his pleadings as asserting claims under chapter 21 of the labor code as well. Under chapter 21, an employer commits an unlawful employment practice if it discharges or discriminates in any other manner against an individual in connection with the terms, conditions, or privileges of employment because of the employee's sex. *See* Labor Code § 21.051. Because the definition of "employer" in chapter 21 includes state agencies such as the Department, *see id.* § 21.002(8)(D), the statute has been interpreted as providing a limited waiver of sovereign immunity when a governmental unit has committed employment discrimination, *see Garcia*, 253 S.W.3d at 660; *Cooke*, 149 S.W.3d at 704. The Department argues, however, that Lueck's failure to comply with the procedural requirements contained in section 21.202 of the labor code meant that its immunity

from suit had not been waived, and therefore the trial court correctly determined that it had no jurisdiction over the suit. *See Garcia*, 253 S.W.3d at 660 ("[T]he Legislature . . . has consented to suits brought under the TCHRA, *provided the procedures outlined in the statute have been met*." (Emphasis added.)). Relatedly, the Department urges that Lueck's failure to timely exhaust his administrative remedies under chapter 21 deprived the court of subject-matter jurisdiction over his suit.

Without regard to whether the claim-filing requirement in section 21.202 is jurisdictional, it is undisputed here that the requirement is mandatory and that the Department timely raised the issue of Lueck's failure to comply with it. *Cf. In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) ("[A] statutory requirement commanding action, even if it is not jurisdictional, remains mandatory."); *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004) ("The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim, but that failure must be timely asserted and compliance can be waived."). The parties join issue, however, on the question of whether the requirement is a jurisdictional prerequisite to suit or merely a requirement that is subject to estoppel and equitable tolling. In that regard, Lueck argues that he should be given the opportunity to present evidence that the Department concealed "the true, discriminatory reason it discharged [him]," which he could not have discovered "until more than 180 days had run" from the date of any allegedly discriminatory employment actions taken against him.

Chapter 21 provides that a person claiming to be aggrieved by an unlawful employment practice must file a complaint with the Commission. Labor Code § 21.201(a); *see*

8

*Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 487-88 (Tex. 1991) (act establishes "a comprehensive administrative review system"). The statute further provides:

> (a)  A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred.
>
> (b)  The commission shall dismiss an untimely complaint.

Labor Code § 21.202(a), (b).

The Texas Supreme Court has frequently characterized the 21.202 deadline as "mandatory and jurisdictional." *See Specialty Retailers, Inc. v. Demoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder*, 813 S.W.2d at 486; *see also Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.3d 925, 929 n.3 (Tex. 1996). Following these decisions, this Court and the other Texas courts of appeals that have addressed the issue have consistently held that a plaintiff's failure to comply with the 180-day filing requirement deprives the trial court of subject-matter jurisdiction over employment-discrimination claims.[3] Lueck argues, however, that the jurisdictional holdings

---

[3] *See, e.g.*, *Texas Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. filed); *Tijerina v. Texas Alcoholic Beverage Comm'n*, No. 03-06-00427-CV, 2009 WL 2059312, at *3 (Tex. App.—Austin July 14, 2009, no pet.) (mem. op.); *University of Tex. v. Poindexter*, 306 S.W.3d 798, 813 (Tex. App.—Austin 2009, no pet.); *Olivarez v. University of Tex.*, No. 03-05-00781-CV, 2009 WL 1423929, at *3 (Tex. App.—Austin May 21, 2009, no pet.) (mem. op.); *Klebe v. University of Tex. Sys.*, No. 03-05-00527-CV, 2007 WL 2214344, at *2 (Tex. App.—Austin July 31, 2007, no pet.) (mem. op.); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 831 (Tex. App.—Austin 2006, pet. denied); *Texas Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 WL 1991809, at *4 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.); *Texas Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied).

*See also Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 321 & n.5 (Tex. App.—Texarkana 2008, pet. denied); *Ashcroft v. HEPC-Anatole, Inc.*, 244 S.W.3d 649, 651 (Tex.

in *Specialty Retailers* and *Schroeder* are no longer viable in light of subsequent Texas Supreme Court decisions that have altered the analysis used to determine whether a statutory prerequisite to suit is jurisdictional. *See, e.g.*, *Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000). He further argues that the proper construction of the provisions of chapter 21 of the labor code is governed by federal decisions that have interpreted analogous claim-filing provisions in Title VII of the Civil Rights Act to be non-jurisdictional. Finally, he asserts that the legislature did not intend chapter 21 of the labor code to require an exhaustion of the administrative remedies and procedures set forth therein. We will address each argument in turn.

### In re United Services Automobile Association

After we issued our original opinion and judgment in this case, the Texas Supreme Court decided *In re United Services Automobile Association*. That case did not address the 180-day deadline contained in section 21.202, but instead considered whether the two-year statute of limitations for filing suit in an employment-discrimination action, codified in section 21.256 of the labor code, is a jurisdictional prerequisite to suit. *See* 307 S.W.3d at 305-10. In holding that it is

---

App.—Dallas 2008, no pet.); *Texas Dep't of Criminal Justice v. Young*, No. 09-07-635-CV, 2008 WL 4425542, at *5 (Tex. App.—Beaumont Oct. 2, 2008, no pet.) (mem. op.); *Del Mar Coll. Dist. v. Vela*, 218 S.W.3d 856, 860 (Tex. App.—Corpus Christi 2007, no pet.); *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Texas Tech Univ. v. Finley*, 223 S.W.3d 510, 513 (Tex. App.—Amarillo 2006, no pet.); *El Paso County v. Navarrete*, 194 S.W.3d 677, 681-82 (Tex. App.—El Paso 2006, pet. denied); *Russell-Stanley, L.P. v. Rice*, 131 S.W.3d 510, 513 (Tex. App.—Waco 2004, pet. denied); *Cooper-Day v. RME Petrol. Co.*, 121 S.W.3d 78, 83 (Tex. App.—Fort Worth 2003, pet. denied); *Czerwinski v. University of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 552 (Tex. App.—San Antonio 2002, pet. denied) (all concluding that failure to comply with section 21.202 of labor code is jurisdictional defect).

not, the *USAA* court examined the cases on which *Schroeder* and *Specialty Retailers* had relied in determining that all filing periods under the TCHRA are jurisdictional. *Id.* at 305-06. The court acknowledged that the support for the "mandatory and jurisdictional" language in *Schroeder* could be traced back to *Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926), which was overruled by *Dubai Petroleum*.[4] The *USAA* court explicitly overruled a footnote in *Schroeder* stating that the section 21.256 statute of limitations is jurisdictional.[5] *In re USAA*, 307 S.W.3d at 310.

---

[4] As we explained in our original opinion in this case, *Dubai* signaled the end of the long-standing rule in Texas that a plaintiff needed to strictly comply with all statutory prerequisites to suit in order to confer jurisdiction on the courts for all statutory causes of action. *See Dubai Petrol. Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). In so holding, the *Dubai* court expressed concern that, because a judgment will never be considered final if the court lacked subject-matter jurisdiction, such a conceptualization "opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment." *Id.* Based on this policy concern and without engaging in a detailed examination of the statute at issue, the court overruled *Mingus v. Wadley*, 285 S.W. 1084 (Tex. 1926), to the extent that decision had characterized a plaintiff's failure to establish a statutory prerequisite to suit as a "jurisdictional" defect. *Id.*; *see generally* Marnie A. McCormick, *Dubai or Not Dubai? That is the Question*, 2009 Advanced Texas Administrative Law Seminar, Tab 10, at 1-7.

The statements in *Specialty Retailers* and *Schroeder* that the 180-day filing requirement is jurisdictional can be traced back to *Mingus* and another Texas Supreme Court case, *Grounds v. Tolar Independent School District*, 707 S.W.2d 889 (Tex. 1986). *Specialty Retailers*, the most recent supreme court case holding that the TCHRA's 180-day filing requirement is mandatory and jurisdictional, *see Specialty Retailers, Inc. v. Demoranville*, 933 S.W.2d 490, 492 (Tex. 1996), relied solely on *Schroeder*, *see* 813 S.W.2d at 486, which in turn cited a Third Court of Appeals case. That Third Court case, *Green v. Aluminum Co.*, cited *Mingus* and *Grounds* for the now-overruled proposition that, in a suit asserting statutory causes of action, the failure to comply with any statutory prerequisite deprives the court of subject-matter jurisdiction. *See* 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ).

[5] The court further noted that *Schroeder* was "a case that dealt primarily with 'whether exhaustion of administrative remedies is a prerequisite to bringing a civil action for age discrimination in employment,'" and that the legal character of the section 21.256 deadline was not at issue in *Schroeder*. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010).

11

The court in *USAA* went on to describe the analysis that courts should conduct in determining whether a statutory provision poses a jurisdictional requirement, beginning by considering the statutory language and presuming that the legislature did not intend to make any provision jurisdictional, absent clear legislative intent to the contrary. *Id.* at 307. The statute's purpose must also be considered, along with the consequences that result from each interpretation. *Id.* at 308-09. This approach mirrors the analysis that the supreme court has employed in other post-*Dubai* cases, in keeping with the predominant trend to view most statutory prerequisites as mandatory but not jurisdictional. *See, e.g.*, *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009); *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Loutzenhiser*, 140 S.W.3d at 354.

### *Federal Employment-Discrimination Law*

The *USAA* court also paid particular attention to the federal cases interpreting analogous federal statutes, noting that "[t]he TCHRA was enacted 'to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964.'" 307 S.W.3d at 308 (quoting Labor Code § 21.001(1)). In holding that section 21.256 does not pose a jurisdictional bar to bringing suit under the TCHRA, the *USAA* court found it persuasive that every federal circuit to have considered the issue had reached the same conclusion with respect to the time period for filing suit under Title VII. *See id.* at 309. The court also cited a United States Supreme Court decision, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982), holding that the timely filing of a complaint with the Equal Employment Opportunity Commission is not a jurisdictional prerequisite to filing suit in federal

court under Title VII and instead operates as a waivable statute of limitations. *See id.* at 308-09 (citing *Zipes*, 455 U.S. at 393-95).[6]

Seizing on this recent decision and other cases in which the Texas Supreme Court has approved of citing federal case law as authority in interpreting the TCHRA, *see, e.g.*, *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445-46 (Tex. 2004), Lueck argues that federal law "controls" our interpretation of the Texas statute and compels us to conclude that section 21.202, like its federal counterpart, is non-jurisdictional. His argument is two-fold. First, Lueck argues that because the legislature intended the TCHRA to "provide for the execution of the policies of Title VII," *see* Labor Code § 21.001(1), and because, under federal law, the timely filing of the administrative complaint is not jurisdictional, *see Zipes*, 455 U.S. at 393, the first purpose of the TCHRA would be contravened were we to construe section 21.202 as a jurisdictional requirement. Second, he argues that the Commission, in order to qualify as a deferral agency,[7] must meet "the criteria under 42 U.S.C. Section 2000e-5(c)," *see* Labor Code § 21.001(2), meaning that it must follow the procedures in the EEOC Compliance Manual—including treating the 180-day filing directive as a non-jurisdictional matter that can be waived or equitably tolled.

---

[6] The administrative filing requirement in Title VII provides that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred," or, in cases such as this where the person aggrieved has initially instituted proceedings with a state or local agency, within 300 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1).

[7] The Commission was created "to serve as Texas's 'deferral agency,' i.e., one to which the EEOC would defer so the investigation and resolution of employment discrimination complaints could be handled at the state rather than federal level." *Dearing*, 240 S.W.3d at 351-52.

Lueck has cited no authority, however, nor have we found any, suggesting that states enacting their own employment-discrimination laws are constrained to adopt procedural requirements that are identical to those in Title VII. In most cases, the Texas courts of appeals that have addressed arguments similar to Lueck's have summarily dismissed them. *See, e.g.*, *El Paso County v. Navarette*, 194 S.W.3d 677, 682 & n.2 (Tex. App.—El Paso 2006, pet. denied) ("While we may look to federal law, we find that Texas courts have construed the state law provisions to be mandatory and jurisdictional and as such, we decline to be guided by federal law on this issue."); *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 552-53 (Tex. App.—San Antonio 2002, pet. denied) ("Guevara urges this Court to adopt the doctrine of equitable tolling . . . [citing *Zipes*]. We decline to do so."). And federal courts entertaining simultaneous Title VII and TCHRA claims have accepted that the filing requirement is not jurisdictional as to federal employment-discrimination claims but may indeed pose a jurisdictional bar to identical claims brought under the TCHRA. *See, e.g.*, *Enguita v. Neoplan USA Corp.*, 390 F. Supp. 2d 616, 623 (S.D. Tex. 2005) (dismissing with prejudice TCHRA claims as time-barred but allowing federal claims to proceed, noting that "Title VII's 300 day limitations period, as opposed to the TCHRA['s filing period], is subject to waiver, estoppel, and equitable tolling.").

But, as Lueck repeatedly asserts, there is an apparent tension in our case law as a result of Texas courts' recognizing that our legislature "intended to correlate state law with federal law in employment discrimination cases," *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003), while at the same time construing as jurisdictional a timeliness provision the federal analogue for which is not construed as jurisdictional. The resolution of this issue, as we reasoned

14

in our original opinion, lies in the characterization of the TCHRA provisions as establishing a mandatory administrative procedure that must first be exhausted before suit can be brought.

### The TCHRA Requires Pre-Suit Exhaustion

Despite Lueck's arguments to the contrary, it is beyond serious dispute that the TCHRA requires a complainant to first exhaust his administrative remedies before filing a civil action. This was the primary holding in *Schroeder*, and it has not been overruled.[8] The Texas Supreme Court reaffirmed as recently as June 11, 2010, that "a TCHRA action requires an exhaustion of administrative remedies that begins by filing a complaint with the Texas Workforce Commission civil rights division." *Waffle House, Inc. v. Williams*, No. 07-0205, 2010 WL 2331464, at *5 (Tex. June 11, 2010). The *Waffle House* opinion cites *Schroeder* for the proposition that the TCHRA's complaint-filing, investigation, and alternative-dispute-resolution procedures "are an essential feature of the statutory framework." *Id.*

It is also clear that the Texas Supreme Court treats the failure to exhaust the TCHRA's administrative remedies as a jurisdictional defect. *See, e.g.*, *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008) (describing "unique and comprehensive provisions" established in chapter 21 and concluding that noncompliance with Commission procedures "deprives courts of

---

[8] The court in *USAA* was careful to distinguish *Schroeder* as "a case that dealt primarily with 'whether exhaustion of administrative remedies is a prerequisite to bringing a civil action for age discrimination in employment,' [wherein] the legal character of the section 21.256 deadline was not at issue." *In re USAA*, 307 S.W.3d at 308. The only part of *Schroeder* that was actually overruled is a footnote suggesting that the 21.256 deadline for filing suit is "mandatory and jurisdictional." *Id.* at 310. We find it necessary to point this out as Lueck repeatedly but mistakenly asserts in his post-submission briefing that "*Schroeder* has been overruled."

15

subject-matter jurisdiction" over employment-discrimination disputes); *Hoffmann-La Roche, Inc.*, 144 S.W.3d at 446 ("exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the CHRA"); *Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 403 (Tex. 1998) (listing section 21.202's 180-day deadline for filing administrative complaint among statutory schemes that "require exhaustion of administrative remedies before filing suit").[9]

The exhaustion doctrine likewise has deep roots in federal law. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Id.* at 88-89 (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). Exhaustion of administrative remedies serves two main purposes: "First, exhaustion protects 'administrative agency authority'" by giving an agency oversight over the programs it administers and discouraging "'disregard of the agency's procedures.'" *Id.* at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). "Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in

---

[9] So have the Texas courts of appeals that have addressed the issue. *See, e.g.*, *Donna Indep. Sch. Dist. v. Rodriguez*, No. 13-09-00185-CV, 2009 WL 2962376, at *6-7 (Tex. App.—Corpus Christi Sept. 17, 2009, no pet.) (mem. op.); *Texas Dep't of Criminal Justice v. Young*, No. 09-07-00635-CV, 2008 WL 4425542, at *5 (Tex. App.—Beaumont Oct. 2, 2008, no pet.) (mem. op.); *Davis v. Autonation USA Corp.*, 226 S.W.3d 487, 491 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 833 (Tex. App.—Austin 2006, pet. denied); *Texas Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 WL 1991809, at *4 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

16

litigation," and, in some cases, "claims are settled at the administrative level" or the agency proceedings will succeed in convincing the losing party not to pursue the matter in court. *Id.*

In Texas, the "[f]ailure to exhaust administrative remedies is truly jurisdictional in nature: it deprives courts of subject-matter jurisdiction over a claim." *Texas Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 WL 1991809, at *4 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.); *see Thomas v. Long*, 207 S.W.3d 334, 340-42 (Tex. 2006) (holding failure to exhaust administrative remedies deprives trial court of subject-matter jurisdiction). Thus, as we concluded in *Lynn*, "unless and until the supreme court departs from its view in *Schroeder* that the Commission on Human Rights Act requires exhaustion of remedies, we will continue to treat the 180-day filing requirement as 'mandatory and jurisdictional.'" *Id.* (quoting *Specialty Retailers*, 933 S.W.2d at 492). Although it has had many opportunities to do so, the supreme court has not abandoned this view. As this Court is bound by the decisions of the higher court, Lueck's argument that *Schroeder*'s exhaustion holding is "aberrant" and caused by a "misreading" of federal law is unavailing.

Nonetheless, in an effort to better explain the rationale for our holding, we will attempt to address his arguments. Lueck first points out that the cases on which *Schroeder* relies for the proposition that "[c]onstruing the CHRA to require exhaustion is consistent with . . . Title VII" have since been criticized by the U.S. Supreme Court for characterizing the timely filing of a charge of discrimination with the EEOC as a "jurisdictional prerequisite." *See* 813 S.W.2d at 487 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *McDonnell Douglas Corp. v. Green*,

17

411 U.S. 792, 798 (1973)); *but see Zipes*, 455 U.S. at 393-95 & n.6 (criticizing this language in

*Alexander* and *McDonnell Douglas*).

It is true that *Schroeder*, relying on cases that no longer accurately reflect the U.S.

Supreme Court's view of the legal character of Title VII filing deadlines, understood administrative

exhaustion to be a "policy" embodied in Title VII that the TCHRA should reflect. We think it is an

open question whether the overall statutory scheme established by Title VII is one that requires the

exhaustion of administrative remedies, but the Supreme Court has recently indicated that it is not.

*See Woodford*, 548 U.S. at 98 (noting in dicta that section 2000e-5(e) of Title VII makes no reference

to the concept of exhaustion and is not "in any sense an exhaustion provision"). The Fifth Circuit,

on the other hand, has recognized that exhaustion under Title VII is required, but its panels are in

disagreement over whether exhaustion "is merely a prerequisite to suit, and thus subject to waiver

and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco

v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006), *cert. denied* 549 U.S. 888.[10]

But the Texas Supreme Court's reasons for continuing to characterize the TCHRA

as a statutory scheme that requires exhaustion of administrative remedies are as valid today as they

were when *Schroeder* was decided. Its exhaustion holding can be derived, first and foremost, from

---

[10] Another federal circuit court has held that "administrative exhaustion requirements under Title VII are not jurisdictional" but that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite," *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001), and yet another has affirmatively declared that pre-suit exhaustion is jurisdictional, *see Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("Unlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit.").

18

the language of the TCHRA. *See Lopez*, 259 S.W.3d at 153 (holding that courts, in construing provisions of TCHRA, must be guided by intent of legislature as indicated by plain language of statute). Section 21.202(b) states that "[t]he Commission *shall* dismiss an untimely complaint," *see* Labor Code § 21.202(b) (emphasis added). Thus, the Commission has no discretion to waive compliance with the requirement that the administrative complaint be timely filed. Instead, the legislature has mandated that the Commission dismiss an untimely complaint without considering reasons why it might have been filed late, thereby bringing to an end the administrative process and all the statutory procedures for investigation, arbitration, and conciliation.[11] In other words, under the statutory scheme of the TCHRA, a late filing of the administrative complaint has exactly the same effect as no filing at all, because an untimely complaint is not routed through the administrative process as the legislature intended it to be.

Thus, subsection (b) evinces the legislature's intent to make the *timeliness* of the administrative complaint part of the mandatory, pre-suit exhaustion scheme. By providing that failure to comply with section 21.202 results in the dismissal of the complaint, the legislature has

---

[11] *Cf. Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 85 (Tex. 2008) (comparing requirements that are jurisdictional and those that are subject to estoppel, waiver, and equitable tolling). In *Igal*, a case on which Lueck heavily relies, the statute at issue was a filing-limitations provision in chapter 61 of the labor code, which governs wage claims. *See id.* at 84-85. The *Igal* court ultimately determined that the chapter 61 provision was not intended to be jurisdictional. *See id.* at 86. At the time that case was decided, however, the chapter 61 provision did not contain language similar to that in section 21.202(b) requiring the Commission to dismiss untimely claims. We note also that the legislature has since amended chapter 61 to make the 180-day filing deadline for wage claims jurisdictional, *see* Labor Code § 61.051(c) (West Supp. 2009), and to require the dismissal of untimely wage claims for lack of jurisdiction, *see id.* § 61.052(b-1), effectively overruling *Igal*. We further note that the *Igal* court expressly distinguished *Specialty Retailers* and *Schroeder*, noting that those cases dealt with a "different statutory scheme." *See Igal*, 250 S.W.3d at 83 n.5.

19

effectively declared that those who fail to file their complaints timely are precluded from exhausting their administrative remedies. *See* Labor Code § 21.202(b); Brooks William Conover, III, *Jurisdictional and Procedural Issues Under the Texas Commission on Human Rights Act*, 47 Baylor L. Rev. 683, 692-93 (1995) ("The TCHRA creates a unique scheme imposing administrative prerequisites before a private suit may be brought by a person within a protected class. Only after completing all of the administrative prerequisites *in a timely fashion* does a complainant exhaust the administrative process . . . .").[12]

Lueck suggests that we assign too much significance to subsection (b) and the fact that noncompliance results in the mandatory dismissal of the complaint by the Commission. *See* Labor Code § 21.202(b). He urges that, rather than "destroy jurisdiction," this provision is what makes jurisdiction in the trial court possible because suit may be filed "*only after* a *required* 'dismissal' or its equivalent (passage of 180 days without the [Commission's] resolving the complaint) has been obtained." We disagree. Lueck's interpretation would render the chapter 21 exhaustion scheme "wholly ineffective." *Cf. Woodford*, 548 U.S. at 95. As the Supreme Court has recognized in the context of a similar administrative exhaustion scheme, "The benefits of exhaustion can be realized only if the [administrative agency] system is given a fair opportunity to consider the grievance. The . . . system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* As a result, noncompliance with fundamental administrative requirements must carry with it a sanction, which serves to deter complainants from bypassing the

---

[12] We also think it significant that Title VII contains no similar provision requiring the EEOC to dismiss untimely complaints, suggesting that the same consequence does not necessarily follow from a Title VII claimant's failure to timely file his administrative complaint.

chapter 21 administrative procedures and proceeding directly to district court. *Cf. id.* (noting that, were it otherwise, "a prisoner wishing to bypass available administrative remedies [required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.*,] could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court."). Under Lueck's proposed construction, however, a complainant could wait a decade or more before filing his administrative complaint and then, after the Commission dismissed the complaint as required by section 21.202(b), could proceed directly to state district court.

Lueck further argues that the TCHRA cannot require exhaustion of administrative remedies because the text of the statute fails to establish that the legislature intended to confer exclusive jurisdiction on the Commission to resolve employment-discrimination disputes. His argument is addressed to the principle that the purpose of an exhaustion-of-remedies requirement is to ensure that the appropriate body *adjudicates* the dispute, which is a "hallmark of a jurisdictional statute." *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 361 (Tex. 2004) (citing *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1988) (per curiam)). The legislature decides that an administrative body is the appropriate place to resolve an issue when it establishes an administrative procedure for that purpose. *Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004), *aff'd*, 209 S.W.3d 83 (Tex. 2006).

Contrary to Lueck's assertions, however, the legislature *has* established an administrative procedure in chapter 21 of the labor code that allows the Commission to receive, investigate, and attempt to resolve employment-discrimination disputes. *See generally* Labor Code

21

§§ 21.003-.210 (listing power and duties of Commission, describing complaint procedure, and authorizing Commission to investigate complaints). Specifically, the Commission has the power to file civil actions to effectuate the purposes of the anti-discrimination statute, to compel witnesses to testify, and to order the production of records, documents, and other evidence to investigate alleged violations of the chapter. *See id.* § 21.003(a)(3)-(4). The administrative-claim requirement of section 21.202 is integral to this comprehensive scheme, in contrast to the kinds of stand-alone presentment or notice-of-suit requirements that have been held to be non-jurisdictional. *See Loutzenhiser*, 140 S.W.3d at 361-62 ("A requirement of presentment merely gives a governmental unit an opportunity to decide for itself whether to pay a claim."); *see also Essenburg*, 988 S.W.2d at 188-89 (same).

That the administrative remedy prescribed by the legislature does not provide for the final *adjudication* of a complainant's claims, which Lueck suggests is essential for us to determine that exhaustion of administrative remedies is jurisdictional, is not dispositive. On the contrary, we believe exhaustion here is designed to promote the twin objectives of (1) protecting the Commission's authority by investing it with the power to review and intervene in claims arising under the Act that it administers, and (2) promoting efficiency by encouraging the nonjudicial resolution of claims. *See Woodford*, 548 U.S. at 89 (explaining purposes of administrative exhaustion).

The Texas Supreme Court has clearly and unequivocally stated that the TCHRA requires exhaustion of administrative remedies before suit, and it is well established in Texas that the failure to exhaust before filing suit deprives the trial court of jurisdiction. In light of the

foregoing, we conclude that the timely filing requirement contained in section 21.202 of the labor code is part of an administrative process that must be exhausted before filing suit for employment discrimination. Unless a party has exhausted this requirement, the trial court lacks subject-matter jurisdiction over his suit. *See Thomas*, 207 S.W.3d at 340.

## CONCLUSION

Because Lueck's failure to timely file his administrative complaint with the Commission deprived the trial court of subject-matter jurisdiction over his claims, we affirm the trial court's order granting the Department's plea to the jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed on Rehearing

Filed: July 16, 2010