# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-12-00771-CV

---

**Hall Martin, Appellant**

**v.**

**National Instruments Corporation, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-11-003083, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Hall Martin sued National Instruments Corporation (NI) for age discrimination. *See* Tex. Lab. Code § 22.051. NI filed a motion to dismiss asserting that Martin's charge of discrimination was not timely filed, thereby depriving the district court of jurisdiction over his claim. *See id.* § 21.202(a). The court granted NI's motion and dismissed the suit, whereupon Martin perfected this appeal. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Martin began working at NI in 1986. Martin's last day at NI was December 31, 2010. That day NI gave him a termination letter and asked him to turn in his laptop computer. On March 19, 2011, Martin filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission (TWC) in which he stated that he was terminated because of his age. In the charge, Martin stated:

I was employed with National Instruments for approximately 24 years. During my employment, I received continual promotions, raises and positive reviews. On or about July 2010, my supervisor called me into a meeting and told me there was no longer a place in the company for me. I was given six months to find another job. I was discharged on or about December 2010. The reason for my discharge was that the VPs have decided there is no longer a place for me.

I believed [sic] I have been discriminated against because of my age in violation of the Age Discrimination in Employment Act of 1967, as amended.

Thereafter, Martin filed suit alleging a cause of action for age discrimination and seeking compensatory and exemplary damages.

After the parties conducted discovery, including taking the depositions of Martin and the NI employees involved in the termination decision, NI filed a motion to dismiss the suit for lack of subject-matter jurisdiction. NI argued that the trial court lacked subject-matter jurisdiction over Martin's claim because Martin did not timely file his charge of discrimination with the EEOC. In support of the motion, NI submitted evidence regarding the events leading up to Martin's termination, including evidence regarding several meetings held during the spring and summer of 2010 during which Martin was informed that there was no longer a suitable position for him at NI, that he could continue to work at NI for some time while looking, but that he needed to find another job outside the company. Included in the evidence was an excerpt from Martin's deposition in which Martin agreed that, as of July 2010, it was clear to him that NI was telling him "you're going to be terminated," but that he was "just hoping they would change their mind." In its motion, NI argued that Martin was aware, at least as early as July 2010, that NI had made the decision to terminate his employment.

In response to the motion to dismiss, Martin submitted his affidavit in which he averred that during a June or July 2010 meeting with his supervisor he was told that there "wasn't a place for [him] in the company and that [he] needed to look for other work outside the company." Martin further averred, however, that it was never made clear to him that his employment would "definitely" be terminated and that he was never given a "definite termination date or told that [his] employment would definitely be terminated." According to Martin's affidavit, he was surprised when, on December 1, 2010, his supervisor asked him when he was leaving. Martin asserted that he was not aware of a definite decision to terminate his employment until December 31, 2010, when he received a termination letter and was asked to turn in his laptop computer.

After considering the motion and the response, the trial court granted NI's motion to dismiss for lack of subject-matter jurisdiction. Implicit in the court's order is a finding that Martin was aware of the termination decision more than 180 days before he filed his charge of discrimination. On appeal, Martin asserts that the district court erred by dismissing his suit because the date he became aware of his impending termination was a disputed jurisdictional fact issue. Accordingly, he contends the question of when he first became aware of the termination decision should have been resolved by the jury at trial.

## DISCUSSION

Whether a court has subject-matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a party challenges the existence of jurisdictional facts, as opposed to challenging the sufficiency of the pleadings, a court should consider relevant evidence submitted by the parties when necessary to resolve the

3

jurisdictional issues raised. *Id*.[1] Thus, a court is not required to look solely to the pleadings "but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Hendee v. Dewhurst*, 228 S.W.3d 354, 367 (Tex. App.—Austin 2007, pet. denied).

When jurisdictional facts are disputed, the manner in which the trial court analyzes the jurisdictional challenge depends on whether the disputed jurisdictional fact issues do or do not implicate the merits of the plaintiff's case. *See University of Tex. v. Poindexter*, 306 S.W.3d 798, 806-07 (Tex. App.—Austin 2009, no pet.). If the disputed jurisdictional issue or facts do *not* implicate the merits, the court—not the jury—must make the necessary factual findings to resolve the jurisdictional issue. *See Miranda*, 133 S.W.3d at 226 ("'Whether a district court has subject matter jurisdiction is a question for the court, not a jury, to decide, even if the determination requires making factual findings, unless the jurisdictional issue is inextricably bound to the merits of the case.'") (quoting *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1170 (6th Cir. 1997)). Any factual findings made to resolve disputed jurisdictional issues may be challenged on appeal, as any other factual findings may be, for legal and factual sufficiency. This includes implied factual findings if written findings and conclusions are not issued. *Cf. BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

On the other hand, when the jurisdictional inquiry *does* implicate the merits of the plaintiff's case, a very different standard applies. In that instance, the trial court does not act as a

---

[1] When a party challenges the pleadings, we construe the pleadings liberally in favor of the plaintiff and determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

fact-finder. *Poindexter*, 306 S.W.3d at 807 (citing *Miranda*, 133 S.W.3d at 227-28). Rather, it applies a standard similar to that employed when considering a motion for summary judgment. *Id.* If the evidence submitted by the parties creates a genuine issue of material fact regarding a disputed jurisdictional fact, then the trial court cannot grant the motion to dismiss, and the fact issue must be resolved by the fact-finder at trial. If the evidence regarding the jurisdictional issue is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court may rule on the motion to dismiss as a matter of law, and that determination is subject to appellate review de novo, with the appellate court indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id.*

The jurisdictional inquiry in this case is whether Martin timely filed his charge of discrimination. That issue does not implicate the merits of his age-discrimination claim. A person claiming to be aggrieved by an unlawful employment practice must file a complaint not later than the 180th day after the date the alleged unlawful employment practice occurred. *See* Labor Code § 21.202(a). Timely filing of an administrative complaint is a mandatory and jurisdictional prerequisite to filing suit. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Lueck v. State*, 325 S.W.3d 752, 763 (Tex. App.—Austin 2010, pet. denied); *Texas Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied). Failure to file the complaint within the 180-day period constitutes a failure to exhaust administrative remedies and deprives the court of subject-matter jurisdiction. *Lueck*, 325 S.W.3d at 763-66. The 180-day period begins to run "when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." *Specialty Retailers*, 933 S.W.2d at 493 (citing

5

*Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). If more than 180 days from that date passed before Martin filed his complaint with either the EEOC or the TWC, the trial court lacked jurisdiction over his suit and was required to dismiss it. *See Del Mar Coll. Dist. v. Vela*, 218 S.W.3d 856, 860 (Tex. App.—Corpus Christi 2007, no pet.). Because the disputed issue in this case—the date Martin became aware of NI's decision to terminate him—does not implicate the merits of his age-discrimination claim, the trial court's task was to consider the relevant evidence submitted by the parties and make the necessary factual findings to resolve the jurisdictional issue. *Poindexter*, 306 S.W.3d at 806-07.

Martin's sole appellate issue complains that the trial court erred by resolving the disputed jurisdictional fact issue—the date Martin became aware of the decision to terminate him. According to Martin, this fact issue was one for the jury to resolve at trial. As previously stated, however, when, as here, a disputed jurisdictional fact does not implicate the merits of the plaintiff's claim, the court—not the jury—must act as fact-finder and make the necessary factual findings to resolve the jurisdictional issue. *Miranda*, 133 S.W.3d at 226; *Poindexter*, 306 S.W.3d at 807. Martin does not contend on appeal that there was insufficient evidence to support the trial court's finding that he became aware of NI's decision to terminate him more than 180 days before he filed his complaint with the EEOC. Indeed, he concedes in his brief that the evidence on that issue is conflicting. Martin's only complaint is that resolution of this disputed fact should have been left to the jury at trial. But because the jurisdictional issue did not implicate the merits of Martin's claim, the trial court did not err by resolving the disputed jurisdictional fact question when considering NI's motion to dismiss. *Id.* The trial court ruled that Martin did not file his charge of discrimination

within 180 days of learning of NI's decision to terminate him and concluded that, as a consequence, it did not have jurisdiction over Martin's age-discrimination claim. By necessary implication, the court found as a fact that Martin learned of NI's decision more than 180 days before he filed the charge of discrimination. As Martin concedes, there is sufficient evidence to support that implied finding. Accordingly, we overrule Martin's appellate issue.

## CONCLUSION

Having overruled Martin's sole appellate issue, we affirm the trial court's order dismissing the cause for lack of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: June 11, 2013

7