# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-19-00307-CV
NO. 03-19-00352-CV

---

**Stetson Roane, Appellant**

**v.**

**Halcy Martin Dean, Appellee**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-18-005721, THE HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

I cannot join the majority's opinion because I do not believe that *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814 (Tex. 2005), compels us to dismiss an intentional infliction of emotional distress (IIED) claim solely against a supervisor–harasser because it is preempted by the Texas Commission on Human Rights Act (TCHRA). I respectfully dissent.

In *Creditwatch*, neither side presented to the Texas Supreme Court the issue of whether an IIED claim against a supervisor–harasser should be treated differently from one against an employer when the employee sues both the employer and supervisor. *See generally* Petition for Review, Response to Petition for Review, Petitioner's Reply to Response to Petition for Review, Petitioner's Brief on the Merits, Respondent's Brief, Petitioner's Reply to Respondent's Brief in Response to Petitioner's Brief on the Merits, *Creditwatch*, 157 S.W.3d 814 (No. 02-1076); Oral Argument, *Creditwatch*, 157 S.W.3d 814 (No. 02-1076),

http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=0fe7e8ba-812d-4b11-86b0-08ec40950493&coa=cossup&DT=ORAL ARGUMENT&MediaID=4cd6dabf-b243-4ff7-82b5-a803df1d9983. Instead, Jackson argued simply that the supervisor's actions make the employer liable. *See generally id.* The Supreme Court thus was not presented with the issue before this Court, whether an IIED claim against a supervisor–harasser is preempted by the TCHRA in the same way that an IIED claim against an employer is, nor did the Supreme Court discuss that issue in its opinion.

Additionally, as noted by the trial court in this case, reading a holding on this issue into *Creditwatch* leads to an unintended result: when an IIED claim is brought against a supervisor–harasser, the TCHRA, enacted to protect workers, can be used as a shield by the alleged harasser. *See* Tex. Lab. Code § 21.001(4) (listing among TCHRA's purposes "secur[ing] for persons in this state . . . freedom from discrimination in certain employment transactions, in order to protect their personal dignity"); *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 280 (Tex. 2017) (stating that legislature enacted TCHRA "for the purpose of balancing the needs of the citizens of our state to have a cognizable claim for sexual harassment with the interests of employers who are required to provide a workplace free from gender-based discrimination" and that that "balance affords an aggrieved party a claim and remedy, but it also limits potential claimants [and] provides defenses to employers otherwise liable for the actions of their employees" (citing *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802–07 (Tex. 2010))); *Lueck v. State*, 325 S.W.3d 752, 760 (Tex. App.—Austin 2010, pet. denied) (stating that, when applying TCHRA, "[t]he statute's purpose must also be considered, along with the consequences that result from each interpretation" (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308–09 (Tex. 2010) (orig. proceeding)); *see also Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 581–82 (Tex.

2014) (Hecht, C.J., dissenting) (confirming that, when statute's text states statute's purpose, courts should favor "textually permissible interpretation" of statute "that furthers rather than obstructs" statute's purpose). This cannot be what the Texas Supreme Court or the legislature intended.

Indeed, the legislature twice mentions supervisors in the TCHRA, demonstrating that the omission of supervisors from the TCHRA provisions at issue here was no mere oversight. *See* Tex. Lab. Code §§ 21.1065(b) ("An employer commits an unlawful employment practice if sexual harassment of an unpaid intern occurs and the employer *or the employer's* agents or *supervisors*" meet two conditions (emphases added)), 21.556 (requiring state agencies that receive three or more meritorious complaints of employment discrimination in a fiscal year to provide relevant training "to appropriate *supervisory* and managerial employees" (emphasis added)). Had the legislature wanted to preempt claims for supervisor liability, it plainly knew how to do so. It chose not to.

I would affirm the trial court's order denying Roane's plea to the jurisdiction and remand to the trial court for further proceedings.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Filed: April 30, 2020

3