# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00235-CV

---

**Irma Mendoza, Appellant**

**v.**

**City of Round Rock, Appellee**

---

### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 22-0786-C395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Irma Mendoza sued her former employer, the City of Round Rock, for age discrimination under the Texas Commission on Human Rights Act (TCHRA). *See* Tex. Labor Code § 21.051. The City filed a plea to the jurisdiction based on immunity, which the district court granted. We affirm.

### BACKGROUND[1]

Mendoza worked for the City for thirty-one years, most recently as manager of the Utility Billing Department. In October 2019, numerous employees lodged complaints about her management. An internal investigation found most of the complaints to be meritorious, and Mendoza retired in lieu of termination in February 2020.

---

[1] We take the following from Mendoza's pleading and the evidence attached to the City's plea to the jurisdiction.

In June 2020, Mendoza submitted an administrative charge of discrimination to the Equal Employment Opportunity Commission (EEOC) alleging age discrimination in violation of the TCHRA. On June 5, 2020, EEOC's automated digital charge system generated a notification stating Mendoza's charge was "initially received" on June 2, 2020. On June 10, 2020, the EEOC informed Mendoza by letter that it had reviewed the charge and that it would not be investigating further. The EEOC subsequently issued Mendoza a right-to-sue letter at her request.

On June 9, 2022, Mendoza sued the City for age discrimination under the TCHRA. The City filed an answer and a plea to the jurisdiction. In the plea to the jurisdiction, the City argued immunity blocked Mendoza's suit because she did not file suit within two years of submitting her charge of discrimination to the EEOC. *See id.* § 21.256 ("A civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed."). The City attached to its plea Mendoza's original petition and documents from her EEOC file, including the administrative charge, the notification from EEOC's automated system, the letter of June 10, 2020, documentation from the City's internal investigation, the right-to-sue letter, and Mendoza's resignation from the City. The district court granted the plea and dismissed Mendoza's suit. This appeal ensued.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that challenges a court's authority to decide a case. *Abbott v. Mexican Am. Legislative Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022). We review a trial court's ruling on a plea to the jurisdiction de novo. *City of Austin v. Quinlan*, 669 S.W.3d 813, 818 (Tex. 2023). When a plea to the

2

jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties to resolve the jurisdictional issue. *See Farmers Tex. Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 241 (Tex. 2020); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). When, as here, the challenge to the jurisdictional facts "does not implicate the merits of the case and the facts are disputed, the court must make the necessary fact findings to resolve the jurisdictional issue." *Texas Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 71 (Tex. App.—Austin 2009, pet. denied). On appeal, these underlying findings may be challenged for legal and factual sufficiency. *Bellingham Enters., LLC v. Colby Constructors, LLC*, No. 03-22-00233-CV, 2023 WL 2414983, at *4 (Tex. App.—Austin Mar. 9, 2023, no pet.) (mem. op.) (citing *University of Tex. v. Poindexter*, 306 S.W.3d 798, 806–07 (Tex. App.—Austin 2009, no pet.)).

## TCHRA

Governmental units, including municipalities, "are generally immune from suit absent a legislative waiver." *Quinlan*, 669 S.W.3d at 818. Immunity from suit implicates subject matter jurisdiction and is properly raised in a plea to the jurisdiction. *Id.* The TCHRA provides a limited waiver of immunity for suits alleging employment discrimination based on race, color, disability, religion, sex, national origin, or age. *See* Tex. Labor Code §§ 21.002(8)(D) (defining "employer" to include county, municipality or state agency), .051 (outlining circumstances in which employer commits unlawful employment discrimination); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008). This waiver is available only if "a claimant strictly satisfies the procedural requirements outlined in the TCHRA." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513–14 (Tex. 2012).

3

The requirement relevant here is that the claimant exhaust administrative remedies. To exhaust administrative remedies under the TCHRA, an employee must satisfy three requirements: (1) the complainant must file a complaint for employment discrimination with either the TWC or the EEOC within 180 days of the alleged discriminatory act, *see* Tex. Lab. Code §§ 21.201–.202; (2) the complainant must allow the agency 180 days to dismiss or resolve the complaint before filing a lawsuit, *id.* § 21.208; and (3) the complainant must bring a civil suit no later than two years after filing the complaint alleging discrimination, *id.* § 21.256. "Failure to exhaust all three administrative remedies is a jurisdictional defect." *Coogan v. Office of Att'y Gen.*, No. 01-20-00067-CV, 2020 WL 7213357, at *4 (Tex. App.—Houston [1st Dist.] Dec. 8, 2020, no pet.) (mem. op.) (citing *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004)); *accord Texas Health & Human Servs. Comm'n v. Cooper*, 683 S.W.3d 896, 899 (Tex. App.—Austin 2024, pet. filed) (citing *Lueck v. State*, 325 S.W.3d 752, 766 (Tex. App.—Austin 2010, pet. denied)).

## DISCUSSION

Mendoza argues in three issues that the district court erred by granting the City's plea because she sued within two years of filing her administrative complaint. *See* Tex. Lab. Code § 21.256.

Mendoza argues in her first two issues that there is insufficient evidence to support the district court's implied finding that she filed her charge on June 2, 2020. We understand her to argue that there is a conflict between the letter of June 10, 2020, which she says states the charge was filed on that date, and the notice from the automated system, which

states the EEOC received the charge on June 2, 2020.[2] The City responds that there is no evidence that she filed the charge on any date but June 2, 2020.

We agree with the City. The letter of June 10, 2020 states that the EEOC "received" and "docketed" the charge form but does not give a date of filing. Mendoza argues in her reply brief that "it stands to reason" that it would be the same date of the letter but cites no support for that assertion. By contrast, the notification from the automated charge system states the charge was "initially received" by the EEOC's San Antonio office on "06/02/2020." Upon review of the record, we conclude there is legally and factually sufficient evidence to support the district court's finding that she filed the charge on June 2, 2020. We overrule Mendoza's first two issues.

Mendoza argues in her third issue that we should conclude her suit was timely because the TCHRA "is a remedial statute and, therefore, must be liberally construed to achieve its purpose."[3] Mendoza is correct that the TCHRA is "a comprehensive remedial scheme that grants extensive protections to employees in Texas." *See Gantt v. Harris County*, 674 S.W.3d 553, 561 (Tex. App.—Houston [1st Dist.] 2023, no pet.). If "a statute is curative or remedial in its nature the rule is generally applied that it be given the most comprehensive and liberal construction possible." *R.R. St. & Co. v. Pilgrim Enters., Inc.*, 166 S.W.3d 232, 238 (Tex. 2005) (citing *Burch v. City of San Antonio*, 518 S.W.2d 540, 544 (Tex. 1975)); *see Traxler v. Entergy*

---

[2] Mendoza argues under her first issue that there is no document in the record dated before the letter of June 10, 2020 stating the date of filing and, "[t]herefore, [her] charge was filed on June 10, 2022." Mendoza does not address the notification from the automated charge system dated June 5, 2022. To the extent this is a separate argument, we reject it.

[3] The City interprets this as an argument for equitable tolling and asserts that the two-year deadline may not be tolled. Mendoza disputes this characterization in her reply brief but does not further explain her argument.

*Gulf States, Inc.*, 376 S.W.3d 742, 745 (Tex. 2012) (explaining that "a remedial and curative statute . . . certainly should not be given a narrow, technical construction"). While this principle extends to interpreting statutory waivers of immunity, *see, e.g., Office of Att'y Gen. of Tex. v. Brickman*, 636 S.W.3d 659, 664 (Tex. App.—Austin 2021, pet. denied), the Supreme Court has held that the TCHRA waives immunity only if the "claimant strictly satisfies the procedural requirements outlined in the TCHRA," *Chatha*, 381 S.W.3d at 513–14. A liberal construction of the TCHRA cannot excuse Mendoza's failure to file suit before the two-year deadline. *See Zeltwanger*, 144 S.W.3d at 446; *Coogan*, 2020 WL 7213357, at *4 (concluding suit filed nine days after deadline was untimely). We overrule Mendoza's final issue.

## CONCLUSION

We affirm the district court's judgment granting the City's plea to the jurisdiction.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   April 17, 2024