Carolyn McCOLLUM, Appellant,

v.

TEXAS DEPARTMENT OF LICENSING AND REGULATION, Appellee.

No. 01–08–00414–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 2010.

Edward L. Pina, Edward L. Pina & Associates, P.C., Gilbert J. Vara, The Law Office of Gilbert Vara, Jr., San Antonio, TX, for Appellant.

Erika M. Kane, Lars Hagen, Office of Attorney General, Austin, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, and BLAND.

## OPINION

GEORGE C. HANKS, JR., Justice.

Carolyn McCollum sued the Texas Department of Licensing and Regulation (the "Department"), claiming that she had been improperly terminated from her employment with the Texas Cosmetology Commission (the "Commission"). The trial court granted the Department's plea to the jurisdiction. McCollum now appeals, arguing that the trial court erred by granting the Department's plea to the jurisdiction.

## BACKGROUND

McCollum was employed by the Commission as an Investigator/Inspector for 14 years. In December 2004, she filed a complaint with the Equal Opportunity Commission (the "EEOC") alleging that she was fired by the Commission because of her race, age, physical disability, reprisal and retaliation. In addition, she alleged that she was "subjected to an extreme hostile work environment and protected opposition." The EEOC forwarded the complaint to the Texas Workforce Commission (the "TWC") and indicated that the initial investigation would be conducted by the EEOC.

In August 2005, the EEOC notified McCollum that it had made a preliminary decision to dismiss the charge. McCollum's attorney requested that the EEOC issue McCollum notice of her right to sue so that she could bring suit in federal court. On September 7, 2005, the EEOC issued McCollum a "Dismissal and Notice of Rights," stating that she was required to bring a lawsuit claiming violations of federal law within 90 days of her receipt of the notice. On October 26, 2005, the TWC also issued a "Notice of Right to File Civil Action," notifying McCollum that she had a right to bring a lawsuit claiming violations of Texas anti-discrimination laws within 60 days of her receipt of the notice.

McCollum sued the Commission on December 28, 2005, alleging that the Commission had improperly fired her from her position as an investigator and that she had been subjected to a hostile work environment. McCollum's petition alleged that the Commission fired her after she had testified in an affidavit in support of a colleague's discrimination claim, and that the Commission discriminated against her on the basis of disability, age, and race. McCollum's petition claimed violations of the federal Americans with Disabilities and Age Discrimination in Employment Acts, and the Texas Commission on Human Rights Act:

> [McCollum] has been discriminated against due to her disability, in violation of the American's [sic] with Disabilities Act of 1990; her age, 58 years (DOB: 09/12/1944), in violation of the Age Discrimination in Employment of 1967, as amended; her race, White; and being retaliated against for engaging in protected activity, in violation of the Texas Commission on Human Rights Act, as

amended, now referred to as Chapter 21 of the Texas Labor Code.

Elsewhere, her petition again specifically alleged a violation of the Texas Labor Code for retaliation, and claimed that she was "discriminated against on account of her age." Her petition sought attorneys' fees, injunctive relief, immediate reinstatement, back pay, forward pay, liquidated damages, and compensatory and non-compensatory damages.

McCollum's petition also recited that she had complied with all conditions precedent to bring her suit, including filing charges of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") and the TWC's Civil Rights Division, and that the TWC had issued her Notice of Right to Sue on October 26, 2005.

The appellate record reflects that citation was issued to the Attorney General of Texas on December 28, 2005, and was returned as executed by service via certified mail on January 5, 2006 by Deputy Jacqueline Trinidad. Citation to the Commission was issued on December 28, 2005. The return of service upon the Commission stated that it was mailed via certified mail by delivery to a messaging service on January 23, 2006, again from Deputy Trinidad.

In August 2006, the Department answered and appeared,[1] raising affirmative defenses, including limitations. The Department subsequently filed a plea to the jurisdiction. The Department's plea to the jurisdiction asserted that the trial court lacked jurisdiction over McCollum's federal claims because these claims were barred by sovereign immunity, and that the trial court similarly lacked jurisdiction over McCollum's state law claims because these claims were not filed within the 60–day deadline after McCollum was notified of her right to sue. The Department argued that the evidence showed that McCollum received notice of her right to sue from the EEOC on September 7, 2005, and since she did not file suit until December 28, 2005—112 days later—her claims were barred. Although it was not the main thrust of the plea to the jurisdiction, the Department also cited one case for the proposition that, in order to be timely, an employment discrimination petition must be filed and served within 60 days after a plaintiff receives notice of a right to sue from the Texas Workforce Commission, which McCollum alleged she received October 31, 2005. *See* TEX. LAB.CODE ANN. § 21.254 (Vernon 2006); *Sibley v. Kaiser Found. Health Plan of Tex.*, 998 S.W.2d 399, 405 (Tex.App.-Texarkana 1999, no pet.). Finally, the Department argued that McCollum's claim of a "hostile work environment" should be dismissed because the EEOC charge indicated that the actions of which she was complaining took place upon a single day—June 7, 2004.

McCollum responded to the Department's plea by abandoning her federal claims, stating that "in this case, the [Department] is being sued under the Texas anti-discrimination statute.... No federal claims are being brought against the [Department]." Accordingly, she contended that the doctrine of sovereign immunity did not bar her claims under the Texas Labor Code. Similarly, she argued that her claims were timely because she had received notice of her right to file a civil

---

1. The Department—below and on appeal—points out that the Department is a separate entity from the Commission, and that the Department was never "formerly known as" the Commission. Instead, the Department as- sumed the duties and powers of the Commission after the Texas Legislature abolished the Commission, effective September 1, 2005. *See* Tex. S.B. 411, 79th Leg. R.S. (2005).

action from the TWC on October 31, 2005. She conceded that she had received a notice of her right to sue from the EEOC on September 7, 2005, but argued that the timing of the notice of her right to sue on her federal claims was irrelevant to whether her claims under state law were timely. McCollum's response did not address the issue of whether the Department had been timely served.

The trial court granted the Department's plea to the jurisdiction.

## ANALYSIS

### A. Standard of Review

■■■ A plea to the jurisdiction challenges the trial court's subject matter jurisdiction to hear the case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–44 (Tex.1993). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Id.* at 446.

■■■ The existence of subject matter jurisdiction is a question of law. *State Dep't of Hwys. & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002). Therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004). If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder; however, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional

issue, the trial court rules on the plea as a matter of law. *Id.* at 227–28.

■■■ In deciding a plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). In conducting our review, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda,* 133 S.W.3d at 228. If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but, likewise, do not demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

### B. Texas Labor Code 21.254

On appeal, McCollum contends that the trial court erred in granting the Department's plea to the jurisdiction. McCollum argues that the Department's claims of sovereign immunity to federal discrimination claims are irrelevant because she sued under Texas law, and that her suit was timely filed 57 days after she received notice from the TWC of her right to sue on her state law discrimination claims. We note that McCollum has apparently abandoned her claims relating to federal anti-discrimination laws. Accordingly, we focus on her state law claims under the Texas Labor Code.

As to whether she timely served the Attorney General and the Commission, McCollum argues that it was the Department's burden, not hers, to prove whether

service of process was diligent. She apparently concedes that neither the Attorney General of Texas nor the Commission was served within the 60 days after she received notice of her right to bring a lawsuit from the TWC, but maintains that, because the Department did not demonstrate a lack of diligence in service, the date of service relates back to the date her lawsuit was filed. Alternatively, she argues that a question of fact as to diligence precluded the granting of the plea to the jurisdiction and that limitations is not a jurisdictional bar to her suit. Finally, McCollum argues that her complaint of a hostile work environment should not have been dismissed because she gave adequate notice of that claim in her EEOC complaint and exhausted her administrative remedies with regard to the complaint, as well as her other claims of discrimination.

In response, the Department has abandoned its argument that McCollum's petition was not timely filed. Instead, the Department's appellate briefing now focuses upon the fact that McCollum's petition was not timely served within 60 days of the date she alleged receipt of the notice of her right to sue from the TWC. The Department contends that timely filing and service are jurisdictional prerequisites to suits under Section 21.254, and the trial court thus correctly granted its plea to the jurisdiction. The Department argues that, because it pled the affirmative defense of limitations, and cited the requirement that citation must be served within 60 days of receiving notice of right to sue from the TWC, the burden then shifted to McCollum to establish diligence in service.

The Texas Commission on Human Rights Act (the "TCHRA," codified in Chapter 21 of the Texas Labor Code) makes it unlawful for an employer to discriminate against an employee with respect to compensation or the terms, condi-tions, or privileges of employment because of race, color, disability, religion, sex, or national origin. Tex. Lab.Code Ann. § 21.051 (Vernon 2006). Before filing suit, a plaintiff must file a complaint with the TWC or EEOC and receive a notice of right to sue on the claims alleged. *See id.* §§ 21.201–.202. Once that notice of right to sue is received, the plaintiff must then file suit within 60 days. *Id.* § 21.254. Texas courts have interpreted section 21.254 to mean that a plaintiff must file the suit and serve notice of the suit upon the proper parties within 60 days of receiving of notice of a right to sue from the TWC. *See, e.g., Tarrant County v. Vandigriff,* 71 S.W.3d 921, 924 (Tex.App.-Fort Worth 2002, pet. denied) ("The mere filing of a lawsuit is not sufficient to meet the requirements of 'bringing suit' within the limitations period [of Chapter 21]; rather, a plaintiff must *both* file her action *and* have the defendant served with process.") (emphasis in original); *Davis v. Educ. Serv. Ctr.,* 62 S.W.3d 890, 893 n. 4 (Tex. App.-Texarkana 2001, no pet.); *Roberts v. Padre Island Brewing Co.,* 28 S.W.3d 618, 621 (Tex.App.-Corpus Christi 2000, pet. denied);

 We first address McCollum's claim that the time limit imposed by section 21.254 and case law is not jurisdictional. "To determine whether a statutory requirement is jurisdictional, we apply statutory interpretation principles." *City of DeSoto v. White,* 288 S.W.3d 389, 394 (Tex.2009). We review this question de novo. *Id.* "As with any statutory provision, our goal is to ascertain legislative intent by examining the statute's plain language." *Id.* We also look for "the presence or absence of specific consequences for noncompliance." *Id.* at 396. " '[W]hen the Legislature includes a right or remedy in one part of a code but omits it in another, that may be precisely what the

Legislature intended' and 'we must honor that difference.'" *Id.* (citations omitted). Finally, we look to "the consequences that result from each possible interpretation." *Id.* at 397.

Section 21.254 is part of a larger statutory scheme requiring a plaintiff to notify the Texas Commission of Human Rights within 180 days of an alleged violation, thus allowing the Commission an opportunity to promptly investigate the alleged violation. *See, e.g.,* TEX. LAB.CODE ANN. §§ 21.201–.202; .204. Section 21.202(b) mandates that "The commission shall dismiss an untimely complaint." *Id.* § 21.202(b). This 180–day is mandatory and, "failing to comply deprives the court of subject matter jurisdiction." *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 485–86 (Tex.1991).

█ After the Commission has an opportunity to investigate the complaint, the plaintiff may then request a "right to sue" letter be issued. TEX. LAB.CODE ANN. § 21.252. Section 21.254, entitled "Civil Action by Complainant," then states that "[w]ithin 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." *Id.* § 21.254.

Nothing in the language of section 21.254 indicates that the 60–day period for filing and serving the suit is jurisdictional. *See, e.g., City of DeSoto,* 288 S.W.3d at 396 (reviewing the statute at issue in that case and, in the absence of language that it was intended to be jurisdictional, finding that it was not). Unlike section 21.202, section 21.254 does not mandate that a suit that is filed and served beyond the 60–day window must be dismissed. In light of the Supreme Court of Texas' guidance in *City of DeSoto* that we should be "reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect," we hold that section 21.254's 60–day period is not jurisdictional.[2] 288 S.W.3d at 393.

## CONCLUSION

Because section 21.254 is not jurisdictional, the trial court erred by granting the Department's plea to the jurisdiction. We reverse the trial court's judgment and remand this case for further proceedings.

**2.** The Legislature has elsewhere mandated that "statutory prerequisites," such as notice, "are jurisdictional requirements in all suits against a governmental entity." TEX. GOV CODE. ANN. § 311.034 (Vernon Supp. 2006). We agree with other courts, however, that section 21.254's 60–day filing period is not "an act that must be performed prior to filing suit and so is not a statutory prerequisite." *See Tex. Dep't of Crim. Justice v. Guard,* No. 10–06–00065–CV, 2007 WL 1119572 (Tex. App.-Waco April 11, 2007, no pet.) (mem. op.); *see also Mission Consol. I.S.D. v. Garcia,* No. 13–09–00458–CV, 2010 WL 320153 (Tex. App.-Corpus Christi Jan. 28, 2010); *Windle v. Mary Kay, Inc.,* No. 05–02–00252–CV, 2003 WL 21508782, at * 1–2 (Tex.App.-Dallas July 1, 2003, pet. denied) (mem. op.) (stating that section 21.254 does not establish a jurisdictional bar; instead, it merely affects a plaintiff's right to maintain suit under the TCHRA) (citing *Lottinger v. Shell Oil Co.,* 143 F.Supp.2d 743, 753 (S.D.Tex.2001) (interpreting the TCHRA)); *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76–77 (Tex.2000) (holding that section 71.031 of the Texas Civil Practice and Remedies Code is not a jurisdictional bar but affects a plaintiff's right to maintain a suit); *Tex. Dep't of Transp. v. Beckner,* 74 S.W.3d 98, 103 (Tex.App.-Waco 2002, no pet.) (holding that 40–day filing period in worker's compensation case is not mandatory, not jurisdictional).