02-10-271-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00271-CV

 

 


 
 
 Comptroller, state of texas
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 wesley landsfeld
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

----------

I.  Introduction

In
three issues, Appellant Comptroller, State of Texas (TCPA) appeals a judgment
in favor of Appellee Wesley Landsfeld.  We vacate the trial court’s judgment
and dismiss the case.

II. 
Procedural and Factual Background

          Because
we resolve the parties’ dispute over Landsfeld’s employment-discrimination
claim on the TCPA’s procedural challenge, a detailed factual recitation is
unnecessary.  Suffice it to say that on February 16, 2005, Landsfeld, who had
already worked ten hours without lunch or a break, refused his supervisor Maria
Lowrance’s request to stay beyond 5:00 p.m., and that on March 1, 2005, during
a meeting, TCPA Office Manager Jarrell Barnes, told Landsfeld that he could
retire or be fired the following day for insubordination.  That same day, Landsfeld
tendered a letter to TCPA stating that he would retire on March 31, 2005.

          On
September 27, 2005, Landsfeld filed a complaint with the Equal Employment
Opportunity Commission and the Texas Workforce Commission (TWC) claiming that
TCPA discriminated against him because of his age and that he was involuntarily
retired.  On June 8, 2006, Landsfeld received a right-to-sue notice from TWC
allowing him to bring suit within sixty days of that notice.  See Tex.
Lab. Code Ann. § 21.254 (West 2006).  On July 25, 2006, Landsfeld sued TCPA for
age discrimination.  TCPA filed a plea to the jurisdiction based on Landsfeld’s
alleged failure to serve it within sixty days following receipt of the
right-to-sue notice or to use due diligence in attempting service.  See Tex.
Comptroller of Pub. Accounts v. Landsfeld, No. 02-07-00266-CV, 2008 WL
623832, at *2 (Tex. App.—Fort Worth Mar. 6, 2008, no pet.) (mem. op.).  The
trial court denied the plea, and after TCPA’s interlocutory appeal, this court
affirmed that ruling.  Id.  A jury trial ensued.  After both sides
rested, TCPA, for the first time, asserted that because Landsfeld filed his TWC
claim beyond the prescribed 180-day deadline, the trial court lacked
jurisdiction.  See Tex. Lab. Code Ann. § 21.202 (West
2006) (stating that a complaint must be filed within 180 days of the occurrence
of the allegedly discriminatory action).  The trial court concluded
that Landsfeld “[had] file[d] within the statutory period of time” and that
even if he had not, “the State ha[d] waived its complaint,” and it denied TCPA’s
motion.[1]  Pursuant to the jury’s
findings, the trial court entered a judgment against TCPA, from which TCPA now
appeals.

III. 
Labor Code Section 21.202’s 180-Day Charge Filing Deadline

In
its first two issues, TCPA argues that because Landsfeld filed his complaint
beyond labor code section 21.202’s mandatory and jurisdictional 180-day charge filing
deadline and because jurisdiction cannot be waived, the trial court erred by not
dismissing the case.  We agree. 

A.  Standard of Review and
Applicable Law

Whether
a court has subject matter jurisdiction is a question of law reviewed de novo. 
Tex. Dep’t. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).  Subject matter jurisdiction is an issue that may be raised for
the first time on appeal.  Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 445 (Tex. 1993).  It also may not be conferred by waiver or
estoppel.  Van ISD v. McCarty, 165 S.W.3d 351, 354 (Tex. 2005).  Sovereign
immunity deprives a trial court of subject matter jurisdiction for lawsuits in
which the state or certain governmental units have been sued unless the state
consents to suit.  Miranda, 133 S.W.3d at 224.  

Chapter
21 of the labor code provides a limited waiver of sovereign immunity when a
governmental unit has committed age-based employment discrimination.  See
Tex. Lab. Code Ann. § 21.002(8)(D) (West Supp. 2010) (defining “employer” to
include state agency), § 21.051 (West 2006) (prohibiting age discrimination by
employer); Mission Consol. ISD v. Garcia, 253 S.W.3d 653, 660 (Tex.
2008) (labor code clearly and unambiguously waives immunity).  The waiver
applies, however, only if the claimant satisfies the procedural requirements
outlined in chapter 21.  Garcia, 253 S.W.3d at 660.  

Procedural
requirements such as limitations, even if mandatory, may be waived unless they
are jurisdictional.  In re United Servs. Auto. Ass’n (USAA), 307 S.W.3d
299, 307 (Tex. 2010) (orig. proceeding).  To determine whether a statutory
requirement is jurisdictional, we apply statutory interpretation principles.  City
of DeSoto v. White, 288 S.W.3d 389, 394 (Tex. 2009).  Our goal is to
ascertain legislative intent by examining the statute’s plain language.  Id.

1.  Legislative
Intent

We
review this statutory-interpretation question de novo, and in construing
statutes, we ascertain and give effect to the legislature’s intent as expressed
by the statute’s language.  City of Rockwall v. Hughes, 246 S.W.3d 621,
625 (Tex. 2008).  We use definitions prescribed by the legislature and any
technical or particular meaning the words have acquired.  Id. (citing
Tex. Gov’t Code Ann. § 311.011(b) (West 2005)); see also Entergy Gulf
States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009) (op. on reh’g)
(“Where text is clear, text is determinative of [the legislature’s] intent.”). 
Furthermore, we consider the object sought to be attained, the circumstances
under which the statute was enacted, its legislative history, and common law or
former statutory provisions, including laws on the same or similar subjects,
among other factors.  See Tex. Gov’t Code Ann. § 311.023 (West
2005).  In interpreting a statute, a court “shall diligently attempt to
ascertain legislative intent and shall consider at all times the old law, the
evil, and the remedy.”  Id. § 312.005 (West 2005).  And “[u]nless
expressly provided otherwise, a reference to any portion of a statute, rule, or
regulation applies to all reenactments, revisions, or amendments of the
statute, rule, or regulation.”  Id. § 312.008 (West 2005).  Finally,
we must read the statute as a whole and not just isolated portions.  Tex.
Dep’t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004);
Boenig v. StarnAir, Inc., 283 S.W.3d 444, 447 (Tex. App.—Fort Worth
2009, no pet.); see also Nauslar v. Coors Brewing Co., 170 S.W.3d 242,
253 (Tex. App.—Dallas 2005, no pet.) (“We determine legislative intent from the
entire act and not just its isolated portions.”)

2. 
Labor Code Section 21.202 

Section
21.202 of the labor code reads “STATUTE OF LIMITATIONS.  (a) A complaint
under this subchapter must be filed not later than the 180th day after the date
the alleged unlawful employment practice occurred.  (b) The commission shall
dismiss an untimely complaint.”  Tex. Lab. Code Ann. § 21.202.      The 180-day
limitations period begins to run when the employee is informed of the alleged
discriminatory employment decision. Tex. Dep’t of Pub. Safety v. Alexander,
300 S.W.3d 62, 70 (Tex. App.—Austin 2009, pet. denied).  And although it does
indicate the legislature’s intent, the “Statute of Limitations” title is not
controlling.  USAA, 307 S.W.3d at 307.  A discrimination claim is
governed by the law in effect on the date the complaint was filed.  See Cent.
Power & Light v. Caballero, 872 S.W.2d 6, 7 n.2 (Tex. App.—San Antonio
1994, writ denied).

3.  Government
Code Section 311.034

Section
311.034 of the government code states that 

[i]n order to
preserve the legislature’s interest in managing state fiscal matters through
the appropriations process, a statute shall not be construed as a waiver of
sovereign immunity unless the waiver is effected by clear and unambiguous
language.  In a statute, the use of “person,” as defined by Section 311.005 to
include governmental entities, does not indicate legislative intent to waive
sovereign immunity unless the context of the statute indicates no other
reasonable construction.  Statutory prerequisites to a suit, including the
provision of notice, are jurisdictional requirements in all suits against a
governmental entity.

 

Tex.
Gov’t Code Ann. § 311.034 (West Supp. 2010) (emphasis added).  The final
sentence of section 311.034, added in 2005, became effective on September 1,
2005.  See Act of May 12, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005
Tex. Gen. Laws 3783, 3783 (amending section 311.034) (current version at Tex.
Gov’t Code Ann. § 311.034).  Landsfeld filed his complaint twenty-six days
after section 311.034’s amendment’s effective date, thus section 311.034 as
amended applies to Landsfeld’s claim.  See Caballero, 872 S.W.2d at 7
n.2.

B. 
Analysis

In
its first issue, TCPA argues that the trial court erred because section 21.202
is both mandatory and jurisdictional.  TCPA specifically asserts that although
the supreme court’s holding in USAA overruled precedent as to section
21.256, it did not, as Landsfeld asserts,[2] “call into question the
jurisdictional nature of [section 21.202’s] 180-day charge filing deadline.”

In USAA,
the supreme court held that section 21.256, which is entitled “Statute of
Limitations” and which sets a two-year limitation from the time of filing an administrative
complaint to file a lawsuit, was not jurisdictional.  307 S.W.3d at 310; see
Tex. Lab. Code Ann. § 21.256 (West 2006); Tarrant Reg’l Water Dist. v.
Villanueva, 331 S.W.3d 125, 129 n.3 (Tex. App.—Fort Worth 2010, pet.
filed).  Although we did not directly address section 21.202 in Villanueva,
we noted that in USAA, the supreme court reversed its earlier
decision relative to labor code section 21.256 but that it did not disturb its
prior holding “that failure to file a complaint and to pursue administrative
remedies within [section 21.202’s] 180-day time frame creates a jurisdictional bar.” 
See Villanueva, 331 S.W.3d at 129 n.3.   

In USAA,
the supreme court’s analysis began with the presumption that the provision was
nonjurisdictional, “a presumption overcome only by clear legislative intent
to the contrary.”  307 S.W.3d at 307 (emphasis added).  The supreme court
noted that section 21.256 did not contain any language explicitly indicating
that it was jurisdictional and considered that if the section’s filing deadline
were jurisdictional, many apparently final judgments would be open to attack.  Id.
at 308, 310.  The supreme court preferred to avoid this result “unless that
was the Legislature’s clear intent.”  Id. (emphasis added).  Unlike
section 21.256, section 21.202(b)’s mandate that “[t]he commission shall
dismiss an untimely complaint” shows the legislature’s intent to make the
180-day filing deadline jurisdictional.  Tex. Lab. Code Ann. § 21.202; Lueck
v. State, 325 S.W.3d 752, 763–66 (Tex. App.—Austin 2010, pet. filed)
(analyzing subsection (b)’s role in determining legislative intent to make
section 21.202 mandatory and jurisdictional); see also House Study
Group, Bill Analysis, Tex. H.B. 14, 68th Leg. C.S.1 (1983) (“Aggrieved persons
would have to file a complaint with the commission within 180 days of the
alleged unlawful practice.”). 

Furthermore,
in USAA, the supreme court concluded that

[w]hile the
Legislature could make the Labor Code filing deadlines jurisdictional, as it
has in cases involving statutory requirements relating to governmental entities,
see Tex. Gov’t Code Ann. § 311.034 (providing that “statutory
prerequisites to a suit, including the provision of notice, are jurisdictional
requirements in all suits against a governmental entity”), it has not done so
here.

 

307
S.W. 3d at 308 (emphasis added).  Thus, stated another way, the legislature
has expressly declared that statutory prerequisites to filing suit are jurisdictional
in cases relating to governmental entities.[3]  See also Little v.
Tex. Bd. of Law Exam’rs, 334 S.W.3d 860, 864 (Tex. App.—Austin 2011, no
pet.) (“statutory prerequisites to suits against governmental entities are
jurisdictional”).  

          Moreover,
in Roccaforte v. Jefferson County, a post-USAA decision in which
the supreme court considered whether a post-suit notice requirement was
jurisdictional, the court held that section 311.034 did not apply because a
post-suit requirement is not a “prerequisite to a suit.”  341 S.W.3d 919, 924
(Tex. 2011); see Tex. Loc. Gov’t Code Ann. § 89.0041 (West 2008). 
And, although the supreme court concluded that local government code section
89.0041 was nonjurisdictional, even against a government entity, the court
reemphasized that jurisdictional analysis focused on legislative intent and
noted that 

local government code
section 89.0041 [does not] show such intent: that section states that a trial
court may dismiss a case for noncompliance only after the
governmental entity has moved for dismissal.  Tex. Loc. Gov’t Code §
89.0041(c) (“If a person does not give notice as required by this section, the
court in which the suit is pending shall dismiss the suit on a motion for
dismissal made by the county or the county official.”).  The motion requirement
means that a case may proceed against those governmental entities that do not
seek dismissal—in other words, that a county can waive a party’s noncompliance.
 This confirms that compliance with the notice requirements is not
jurisdictional.  See Loutzenhiser, 140 S.W.3d at 359 (“The
failure of a non-jurisdictional requirement mandated by statute may result in
the loss of a claim, but that failure must be timely asserted and compliance
can be waived.”).

 

Roccaforte, 341
S.W.3d at 925–26 (emphasis added).  In contrast, section 21.202(b) expressly
dictates that if a filing is not timely, the commission “shall dismiss” the
claim.  Tex. Lab. Code Ann. § 21.202(b).  This provision removes any discretion
on the part of the commission and mandates automatic dismissal without any
action on the part of the employer.  Id.; cf. Lueck, 325 S.W.3d
at 764–766 (recognizing the critical role section 21.202 plays in preventing
circumvention of the administrative review process).

Therefore,
we are constrained to conclude that when the employer is a governmental entity,
section 21.202’s 180-day filing requirement is a mandatory and jurisdictional prerequisite
to filing a lawsuit.  See Schroeder v. Tex. Iron Works, Inc., 813 S.W.2d
483, 485, 486 (Tex. 1991), overruled on other grounds by USAA,
307 S.W.3d at 310; Villanueva, 331 S.W.3d at 129 n.3; see also
Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc., 698 F. Supp. 2d
730, 742 (S.D. Tex. 2010) (same); Tex. S. Univ. v. Rodriguez, No.
14-10-01079-CV, 2011 WL 2150238, at *2 (Tex. App.—Houston [14th Dist.] Jun. 2,
2011, no pet. h.) (mem. op.) (stating that section 21.202 is mandatory and
jurisdictional); Lamar Univ. v. Jordan, No. 09-10-00292-CV, 2011 WL
550089, at *2 (Tex. App.—Beaumont Feb. 17, 2011, no pet.) (mem. op.) (same); In
re Arcelormittal Vinton, Inc., 334 S.W.3d 347, 350 (Tex. App.—El Paso 2011,
orig. proceeding) (same); Lueck, 325 S.W.3d at 762 (same).  And because
TCPA could neither waive nor be estopped from asserting its jurisdictional
challenge, we sustain TCPA’s first issue.  See McCarty, 165 S.W.3d at 354.

C. 
Application to Jurisdictional Facts

          In
its second issue, TCPA contends that Landsfeld filed his administrative
complaint too late, depriving the trial court of jurisdiction.  The parties do
not dispute the jurisdictional facts, only their legal effect.  Whether
undisputed evidence of jurisdictional facts establishes a trial court’s jurisdiction
is a question of law reviewed de novo.  Miranda, 133 S.W.3d at 226.  

As
noted above, section 21.202 requires a complaint to be filed “not later than
the 180th day after the date the alleged unlawful employment practice
occurred.”  Tex. Lab. Code Ann. § 21.202.  Exhaustion of administrative
remedies is a prerequisite to a suit, and exhaustion is impossible if the
complaint is untimely.  Williams, 313 S.W.3d at 804; Lueck, 325
S.W.3d at 762. 

Landsfeld
argues that the relevant date was March 31, 2005 (his last day of employment), 179
days before he filed his complaint.  TCPA counters that the relevant date was
March 1, 2005 (the date Landsfeld was told that if he did not immediately
retire, he would be fired), 209 days before Landsfeld filed his complaint.  

“The
limitations period begins when the employee is informed of the allegedly
discriminatory employment decision, not when that decision comes to fruition.” 
Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 493 (Tex. 1996)
(stating that the 180-day period began when employee was told she would be
fired if medical leave lasted over one year, not when she was actually fired); see
also Villanueva, 331 S.W.3d at 134 (holding that the 180-day period began
when employee was denied pay raise, not at time of paycheck); Alexander,
300 S.W.3d at 70 (concluding that the 180-day period began when employees learned
that they would not be promoted, not when promotions took effect).  Accordingly,
we conclude that the 180-day limitations period began on March 1, 2005, when Landsfeld
was given the option to retire or be terminated.  Because Landsfeld filed his complaint
twenty-nine days beyond section 21.202’s 180-day filing deadline, and because section
21.202’s 180-day filing deadline is mandatory and jurisdictional, the trial
court had no jurisdiction to hear Landsfeld’s case.  We sustain TCPA’s second
issue.

IV. 
Conclusion

          Having
sustained TCPA’s dispositive issues,[4] we vacate the trial
court’s judgment and dismiss the case.

 

BOB MCCOY
JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and MCCOY, JJ.  

 

DAUPHINOT,
J. filed a dissenting opinion.

 

DELIVERED: August 31, 2011

 

 




 

 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00271-CV

 

 


 
 
 COMPTROLLER,
 STATE OF TEXAS
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 WESLEY LANDSFELD
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE
96TH DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING
OPINION

----------

I
must respectfully dissent from the majority opinion because I cannot agree with
the holding that Landsfeld’s claim is barred by the statute of limitations. 
The majority states that the 180-day statute of limitations began to run on
March 1, 2005, the day TCPA Office Manager Jarrell Barnes told Landsfeld that he
could retire or be fired on the following day for insubordination and the day
that Landsfeld tendered a letter to TCPA stating that he would retire on March
31, 2005.[5]  If the limitations
period did, indeed, begin to run on March 1, then the 180 days for filing
notice with the EEOC expired before September 1, 2005, the effective date of
the change in law that amended Section 311.034 of the government code to add
the sentence, “Statutory prerequisites to a suit, including the provision of
notice, are jurisdictional requirements in all suits against a governmental
entity.”[6]  That is, the limitations
period expired before September 1, 2005, the effective date of the
amendment making statutory prerequisites, like the 180-day notice period,
jurisdictional.  Accordingly, under this scenario, the trial court correctly
held that TCPA waived the limitations argument.

If,
however, as I believe, the Texas Labor Code’s 180-day statute of limitations
begins to run, at the latest, on the day the last adverse action was taken by
the employer, then under the facts of this case, it began to run on the date that
Landsfeld actually resigned, March 31, 2005, not March 1, the date on which the
employer threatened to fire him and on which he gave notice of his future
departure.  On any date between March 1 and March 31, the parties could have
resolved their disagreement without involving the courts, a measure that good
policy should encourage.  The latest adverse act taken by the employer was
carrying through with the threat to accept Landsfeld’s resignation as an
alternative to firing him.  Had Landsfeld withdrawn his resignation before
actually walking away from his employment, and had the employer carried through
on its threat to fire him at that point, it would be nonsensical to hold that
the limitations period for giving notice began to run on the day that Landsfeld
gave notice of his intent to resign.  For these reasons, I would hold that
Landsfeld timely filed his notice within 180 days of the last adverse action,
which was his constructive discharge on March 31, the date the employer carried
through on its threat to fire or to allow Landsfeld’s resignation.

Because
I would uphold the trial court’s judgment under either scenario, I respectfully
dissent.

 

 

 

LEE ANN DAUPHINOT
JUSTICE

 

DELIVERED:  August 31, 2011









[1]The trial court also noted
that it was concerned that “other than argument, there’s been absolutely no
evidence presented on any of [the jurisdictional] issues, including beginning
date, the date of termination, when [Landsfeld] knew from the standpoint of a
claim dealing with jurisdiction.”  However, the record reflects that Landsfeld
testified that Barnes presented him with the option of resignation or
termination on March 1, 2005, and that in an email, Landsfeld resigned
effective March 31, 2005. 





[2]In his response,
along with arguing that USAA supports our conclusion that section 21.202
is nonjurisdictional, Landsfeld argues that Waffle House, Inc. v. Williams’s
references to section 21.202 as “a statute of limitations” demonstrates that
the supreme court does not consider section 21.202 jurisdictional.  See 313
S.W.3d 796, 805 (Tex. 2010).  Williams, however, involved a private
entity and mentioned section 21.202 only briefly when comparing administrative and
common law filing requirements.  Id.  Williams did not address
section 311.034’s declaration that statutory prerequisites are jurisdictional
in suits against governmental entities.  See Tex. Gov’t Code Ann. § 311.034.





[3]After USAA, the
Corpus Christi Court of Appeals found that labor code section 21.254’s
sixty-day deadline to file suit after receipt of notice of the right to file a
civil action was not jurisdictional even as to a government entity.  See Mission
Consol. ISD v. Garcia, 314 S.W.3d 548, 559 (Tex. App.—Corpus Christi 2010,
pet. filed) (op. on reh’g).  However, section 21.254 does not contain the
mandatory dismissal language found in section 21.202 and, instead, states that
a party “may” file a civil action within sixty days of receiving a right-to-sue
notice from the TWC.  See Tex. Lab. Code. Ann. § 21.254; see
also McCollum v. Tex. Dep’t of Licensing & Regulation, 321 S.W.3d 58,
64 (Tex. App.—Houston [1st Dist.] 2010, pet. filed) (“Unlike section 21.202,
section 21.254 does not mandate that a suit that is filed and served beyond the
60-day window must be dismissed.”).  Moreover, when Garcia was filed,
the final sentence of section 311.034 was not yet in effect.  See Garcia,
314 S.W.3d at 559; Act of June 15, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001
Tex. Gen. Laws 2374, 2433 (amended 2005) (current version at Tex. Gov’t Code
Ann. § 311.034).   





[4]Because we conclude
that the trial court had no jurisdiction, we need not consider TCPA’s evidentiary
sufficiency challenge.  See Tex. R. App. P. 47.1.





[5]Majority op. at 2, 12–13.





[6]See id. at 6–7; Tex.
Lab. Code Ann. § 21.202 (West 2006) Tex. Gov’t Code Ann. § 311.034 (West Supp.
2010); Act of May 12, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws
3783, 3783 (amending section 311.034) (current version at Tex. Gov’t Code Ann.
§ 311.034).