

## NUMBER 13-11-00167-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOSE P. BALDONADO,                                                    Appellant,

v.

TEXAS DEPARTMENT OF HEALTH
AND HUMAN SERVICES COMMISSION,
AND THE TEXAS DEPARTMENT OF AGING
AND DISABILITY SERVICES,                                            Appellees.

### On appeal from the 445th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion on Rehearing by Chief Justice Valdez**

By one issue, appellant, Jose P. Baldonado, appeals from the district court's

order granting the plea to the jurisdiction of appellees, Texas Department of Health and

Human Services Commission ("HHSC") and Texas Department of Aging and Disability

Services ("DADS").  On March 29, 2012, we issued an opinion reversing the district

court's order and remanding the cause for further proceedings. Subsequently, appellees filed a motion for rehearing, arguing, among other things, that the Court's opinion failed to address what appellees consider to be alternative grounds for the district court's ruling. We deny appellees' motion for rehearing, withdraw our prior opinion, and substitute the following opinion, reversing and remanding.

## I. BACKGROUND

In the spring of 2007, appellant submitted employment applications to HHSC for at least 52 open positions. Appellant, who is over forty years of age, was passed over for all positions. On August 30, 2007, appellant signed and filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On June 26, 2008, appellant received from the Texas Workforce Commission ("TWC") a notice of his right to file a civil action.

On August 25, 2008, appellant filed suit against HHSC, alleging that HHSC refused to hire him because of his age in violation of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 21.051 (West 2006). Service of process did not occur until September 3, 2008. On November 16, 2009, appellant filed an amended petition, naming DADS as a co-defendant and alleging that DADS terminated his employment in retaliation for filing a discrimination complaint against HHSC. *See id.* § 21.055 (West 2006).

On October 18, 2010, appellees filed a combined motion for summary judgment and plea to the jurisdiction. On November 30, 2010, the district court held a hearing on appellees' plea to the jurisdiction. Appellees argued that the district court lacked

2

jurisdiction because, among other things, appellant failed to file and serve his lawsuit within the 60-day period prescribed by law.

On March 23, 2011, the district court entered a final order in the case, granting appellees' plea to the jurisdiction on the following basis:

> In this case, the Plaintiff had a statutory 60[-]day deadline to file suit and effectuate service; the Plaintiff filed suit on the 60th day, but he did not serve the Defendant governmental entity until the 65th day.
>
> The argument of due diligence has been accepted in limited scenarios as an equitable basis to toll statute of limitations deadlines; and for the record, as to any applicable statute of limitations issues, this Court believes that due diligence was met by the Plaintiff. However, this Court has been presented with no legal basis to support the Plaintiff's argument that due diligence may toll jurisdictional deadlines.
>
> Texas Government Code § 311.034 states as follows: "Statutory prerequisites to a suit including the provisions of notice, are jurisdictional requirements in all suits against a governmental entity." Based upon its review of said statute and relevant case law, this Court interprets the legislative intent of said statutory language to require filing of suit AND service of citation be completed upon a governmental entity prior to the termination of the statutory deadlines, in order for a court to retain jurisdiction. Specifically, this Court is of the opinion that it lost jurisdiction upon the expiration of a statutory 60[-]day deadline; the Plaintiff's due diligence argument as to notice is NOT applicable on the issue of jurisdiction; a court either has jurisdiction or it does not have jurisdiction. Further, the Court would note the pertinent dictum of the above referenced statute in the following Texas Supreme Court cases: *In re United Services Automobile Association*, 307 S.W.3d 299, 308 (Tex. 2010), and *University of Texas Southwestern Medical Center at Dallas v. Estate of Arancibia*, 08-0215 (TXSC October 2010). Based upon the foregoing, this Court has no option but to GRANT the "Defendants' Plea to the Jurisdiction"; further, the Plaintiff's claims against the Defendants are hereby denied.

## II. DISMISSAL FOR LACK OF JURISDICTION

In his sole issue, appellant argues that the district court erred in dismissing his lawsuit for lack of jurisdiction on the foregoing basis. Appellees contend that, even if the district court erred in dismissing the lawsuit on the grounds stated above, this Court

should nonetheless affirm the ruling if any of the other grounds advanced in appellees' plea to the jurisdiction are meritorious.

### A. Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks to defeat a cause of action by questioning the trial court's subject matter jurisdiction and should be decided "without delving into the merits of the case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is at the heart of a court's power to decide a case. *See id.* "We review a trial court's order granting or denying a plea to the jurisdiction de novo." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). In our review, we examine the plaintiff's petition and evidence submitted by the parties "to the extent it is relevant to the jurisdictional issue." *Id.*

### B. Analysis

In this appeal, we are asked to decide whether compliance with the 60-day filing period in section 21.254 of the labor code is a jurisdictional requirement. *See* TEX. LAB. CODE ANN. § 21.254 (West 2006). Section 21.254 states: "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." *Id.* Section 21.254 does not mandate that a suit that is filed and served beyond the 60-day window must be dismissed. *See McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2010, pet. filed).

Section 21.254 has been construed as creating a statutory limitations period. *See Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, pet. denied) ("Likewise, we conclude that the sixty[-]day period, under

4

section 21.254 of the Texas Labor Code, is the applicable period of limitations for the purpose of service of process."). This Court has previously held that service of citation outside the limitations period in section 21.254 may be given effect only if the plaintiff exercised due diligence in procuring issuance and service of citation upon the defendant. *See id.* (citing *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam)). Thus, when a plaintiff files suit within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing only if the plaintiff continuously exercised due diligence in effecting service of citation upon the defendant. *Id.*; *see also Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) ("If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing.").

In this case, the district court ruled that section 21.254 is jurisdictional in nature and therefore dismissed appellant's claims, despite the fact that suit was filed within the limitations period and despite the court's finding of due diligence in appellant's service of citation a mere five days outside the limitations period. To reach this decision, the district court relied on section 311.034 of the Texas Government Code, which provides that "statutory prerequisites to sue, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2010). The district court reasoned that filing and serving the lawsuit were "statutory prerequisites to sue" and were therefore jurisdictional requirements under section 311.034 of the Texas Government Code. *Id.*

"Statutory prerequisites to sue" are, by definition, things that must be done before suit is filed. *See Ballesteros v. Nueces County*, 286 S.W.3d 566, 569–70 (Tex. App.—

5

Corpus Christi 2009, pet. stricken) (recognizing that section 311.034 addresses statutory prerequisites to a suit—"something that is required beforehand"). For example, exhaustion of administrative remedies is said to be a "statutory prerequisite to sue." *See Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004) ("The CHRA further establishes a 'comprehensive administrative review system,' under which the 'exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the CHRA.'"). Exhaustion of administrative remedies must be done before filing suit. *See Austin v. Healthtrust, Inc.*, 967 S.W.2d 400, 403 (Tex. 1998) ("And some statutory schemes require exhaustion of administrative remedies before filing suit, while others allow the employee to proceed directly to court.").

In contrast, service of citation is done after suit is filed. TEX. R. CIV. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); *id.* at R. 99(a) ("Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party."). Since it is impossible for service of citation to take place prior to filing suit, service of citation cannot be considered a statutory prerequisite to filing suit. Thus, service of citation is not a jurisdictional requirement under section 311.034 of the Texas Government Code.

Moreover, it is well-settled that if the suit is filed or service of citation occurs outside the relevant limitations period, the defendant may assert limitations as an affirmative defense under Rule 94. *See Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.) ("[W]e first find that the forty-day filing period

6

is a limitations period, not a jurisdictional requirement. If a petition is not filed within the forty days, the defendant may assert an affirmative defense of limitations under Rule 94.").

In sum, the service of citation within the 60-day filing period in section 21.254 is not an act that can be performed prior to filing suit and is therefore not a "prerequisite" to filing suit and is not a jurisdictional requirement for purposes of section 311.034 of the government code. *See McCollum*, 321 S.W.3d at 64 ("Because section 21.254 is not jurisdictional, the trial court erred by granting the Department's plea to the jurisdiction."). Accordingly, the district court erred in ruling to the contrary and in dismissing appellant's claims on that basis. Appellant's sole issue is therefore sustained.

## III. ALTERNATIVE GROUNDS

In their motion for rehearing, appellees argue that the district court's order dismissing appellant's claims for lack of jurisdiction is not subject to reversal unless appellant negates all the grounds on which the district court's jurisdiction was challenged in appellees' plea to the jurisdiction. *See State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993) ("When reviewing a summary judgment granted on general grounds, this Court considers whether any theories asserted by the summary judgment movant will support the summary judgment."). Appellees object to this Court remanding the case to allow the district court to rule, in the first instance, on the remaining challenges to its jurisdiction. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) ("When a trial court grants summary judgment on specific grounds, we have limited our consideration on appeal to the grounds upon which the trial court granted summary judgment and the court of appeals affirmed."). However,

7

appellees' approach "usurps the trial court's authority to consider and rule on issues before it and denies the appellate court of the benefit of the trial court's decision on the issue." *See State Farm*, 858 S.W.2d at 381. "Such a practice results in appellate courts rendering decisions on issues not considered by the trial court and voiding the trial court's decision without allowing it to first consider the alternate grounds." *Id*. Moreover, it would tend to defeat, not further, the interest of judicial economy if this Court were to render a decision concerning the district court's exercise of jurisdiction because the district court has not yet decided whether it will exercise jurisdiction. *See Cincinnati Life*, 927 S.W.2d at 626. Accordingly, we overrule appellees' argument.

## IV. CONCLUSION

The order of the district court is reversed and the case remanded for further proceedings consistent with this opinion.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
27th day of August, 2012.