**Opinion issued February 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00571-CV

————————————

**METRO HOSPITALITY MANAGEMENT, LLC, Appellant**

**V.**

**HARRIS COUNTY APPRAISAL DISTRICT, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-55709**

---

## MEMORANDUM OPINION

Appellant, Metro Hospitality Management, LLC, appealed to the trial court the appraisal of its commercial property. Appellee, Harris County Appraisal District ("HCAD"), filed a plea to the jurisdiction, which the trial court granted. In two issues, Metro Hospitality argues (1) the trial court abused its discretion by

denying Metro Hospitality's motion for continuance and (2) the trial court erred by failing to hold a hearing on Metro Hospitality's motion for substantial compliance.

We affirm.

## Background

Some time before September 21, 2012, Metro Hospitality received a notification from Harris County of its appraisal of the value of Metro Hospitality's property on Kirby Drive in Houston, Texas. Harris County appraised the property to be worth $23,754,072. Metro Hospitality filed a notice of protest, and the review board appraised the property to be worth $19,031,483. Metro Hospitality filed a notice for de novo review of the decision with the district court on September 21, 2012.

On November 6, 2012, The Harris County Tax Assessor-Collector issued the 2012 Property Tax Statement to Metro Hospitality based on the $19,031,483 appraisal. The statement assessed $481,348.07 in taxes, due by January 31, 2013. On March 6, Metro Hospitality paid $294,354.48 in the taxes owed. On March 31, Metro Hospitality paid $230,314.91 in the taxes owed along with penalties and interest that had accrued. It is undisputed that, by March 31, Metro Hospitality had paid all outstanding taxes, penalties, and interest on the property taxes for 2012.

On May 3, HCAD filed a plea to the jurisdiction, arguing that the late payment of taxes deprived the trial court of jurisdiction to review the review

2

board's appraisal. A hearing was set for May 10 at 10:00 A.M. The day before the hearing, upon Metro Hospitality's attorney's request, HCAD entered into a Rule 11 agreement to pass the hearing and to have the motion set on the trial court's submission docket on May 13, 2013 at 8:00 A.M.

On May 10 at 3:57 P.M., Metro Hospitality filed a response to the plea to the jurisdiction, arguing that it lacked the financial resources to pay the taxes until March and that, accordingly, any untimeliness was excused for the purpose of appealing to the district court. In its response, Metro Hospitality claimed "[a] hearing on the matter will be set at least 45 days from the date of filing."

On May 13 at 8:40 A.M., Metro Hospitality filed a motion for continuance on the submission of HCAD's plea to the jurisdiction. In the motion, Metro Hospitality argued that "a plea to the jurisdiction is similar to a summary judgment and should be treated as such." Accordingly, Metro Hospitality argued that it should have received 21-day notice of HCAD's plea to the jurisdiction instead of the seven days it received. Metro Hospitality referenced its claim in the response to the plea to the jurisdiction that it was excused from its late payment of taxes, arguing its attorney did not learn of the defense until May 10. Metro Hospitality argued that, "[s]ince the information was provided at such a late date to [its attorney] and adequate notice for a plea to the jurisdiction was not given" based on its equation of a plea to the jurisdiction to a motion for summary judgment, the

3

trial court should continue the submission date of the plea to the jurisdiction "to effectuate justice on this matter." In its prayer, Metro Hospitality asked that submission of the plea to the jurisdiction be "continued for a period of at least 30 days."

Nine days later, the trial court granted HCAD's plea to the jurisdiction.

## Motion for Continuance

In its first issue, Metro Hospitality argues the trial court abused its discretion by denying Metro Hospitality's motion for continuance. HCAD argues that Metro Hospitality has not preserved this issue for appeal. We agree.

Rule 33.1 of the Texas Rules of Appellate Procedure provides, in pertinent part,

> (a)  . . . . As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> > (1)  the complaint was made to the trial court by a timely request, objection, or motion that:
> >
> > > (A)  stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. . .

TEX. R. APP. P. 33.1(a)(1)(A). Likewise, the complaint made on appeal must comport with the complaint made at trial. *See In re L.M.I.*, 119 S.W.3d 707, 710–

4

11 (Tex. 2003) (rejecting argument that was not same argument made at trial as unpreserved error).

Metro Hospitality recognized in its live pleading that its authority to appeal the appeal board's appraisal of its property value derives from Chapter 42 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 42.01(a)(1)(A) (Vernon Supp. 2013) (providing right to appeal order of appraisal review board determining protest of appraisal by property owner). An appeal to the trial court, however, does not affect the property owner's obligation to pay the taxes owed by the deadline. TEX. TAX CODE ANN. § 42.08(b) (Vernon Supp. 2013).[1] Instead, failure to pay by the delinquency date "forfeits the right to proceed to a final determination of the appeal." *Id.*

Under certain circumstances, however, a property owner may be excused from payment of the taxes. TEX. TAX CODE ANN. § 45.08(d) (Vernon Supp. 2013). The determination of whether the property owner can be excused is made by the trial court after a hearing on the matter. *Id.* There are certain conditions precedent to the right to the hearing, however. Specifically, "[u]pon motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to

---

[1] After the trial court granted the plea to the jurisdiction, some changes to section 42.08 became effective. *See* Act of May 22, 2013, 83rd Leg., R.S., ch. 1259, § 24, 2013 Tex. Sess. Law Serv. 3183, 3192 (West) (codified at TEX. TAX CODE ANN. § 42.08) (effective June 14, 2013). Because the changed portions of section 42.08 are not relevant to this appeal, we cite to the current statute.

review and determine compliance with this section . . . ." *Id.* Subsection (e) requires the movant to provides 45 days' notice of the hearing to determine compliance with the section by "certified mail, return receipt requested, to the collector for each taxing unit that imposes taxes on the property." *Id.* § 42.08(e).

Metro Hospitality argues that its response to HCAD's plea to the jurisdiction constitutes a motion to determine substantial compliance with section 42.08 and we agree. On appeal, Metro Hospitality argues that the trial court abused its discretion by denying their motion for continuance because it needed to provide 45 days' notice of a hearing on the motion for substantial compliance. This is not the argument it raised in its motion for continuance, however.

In the motion for continuance, Metro Hospitality argued it should have received 21 days' notice of HCAD's plea to the jurisdiction because it reasoned that a plea to the jurisdiction should be treated like a motion for summary judgment.[2] In the motion, the focus is on whether *HCAD* should have been required to provide more notice to Metro Hospitality, not on whether *Metro Hospitality* should have been allowed more time to set a hearing and provide notice to the tax assessors. In addition, the amount of time Metro Hospitality was seeking was 21 days, not 45. Even in its prayer, Metro Hospitality sought only 30 days' notice. Accordingly, there is no reasonable basis to claim that compliance with

---

[2] In a motion for summary judgment the movant must file the motion 21 days before the date of the hearing. TEX. R. CIV. P. 166a(c).

subsection 42.08(e) was presented to the trial court as a ground for seeking a continuance. *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring complaining party to present claim to trial court with sufficient specificity to make trial court aware of complaint). Because Metro Hospitality's argument on appeal regarding why it should have received a continuance does not comport with the argument presented to the trial court, Metro Hospitality's complaint on appeal has not been preserved. *See In re L.M.I.*, 119 S.W.3d at 710–11.

Metro Hospitality argues in its reply brief that this issue is preserved because its "motion for continuance makes specific reference to" the motion to determine substantial compliance with section 42.08, contained in Metro Hospitality's response to the plea to the jurisdiction. While this is correct, the reference to the motion for substantial compliance in the motion for continuance is only to point out that Metro Hospitality's attorney learned of the defense at a late date—after the attorney had obtained an agreement to have the plea to the jurisdiction set on the court's submission docket. Moreover, while the motion for substantial compliance explicitly recognized that Metro Hospitality would need 45 days' notice prior to setting a hearing, the motion for continuance argued that it should have received 21 days' notice and never requested more than a 30-day continuance for the submission of the plea to the jurisdiction. The argument in the motion for continuance was that HCAD had not provided sufficient notice for its plea to the

jurisdiction, not that Metro Hospitality needed more time to provide notice to HCAD. In this context, reference to the motion for substantial compliance would not be sufficient to identify the 45-day hearing notice requirement as a ground for the continuance.

We overrule Metro Hospitality's first issue.

## Hearing on Motion for Substantial Compliance

In its second issue, Metro Hospitality argues the trial court erred by failing to hold a hearing on Metro Hospitality's motion for substantial compliance. Metro Hospitality argues section 42.08 mandated a hearing once Metro Hospitality filed its motion for substantial compliance.

## A. Standard of Review

Matters of statutory construction are questions of law, which this Court reviews de novo. *See McCollum v. Tex. Dep't of Licensing & Regulation*, 321 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). When construing a statute, our primary objective is to ascertain and give effect to the Legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (Vernon 2013); *see Harris Cnty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 97 (Tex. App—Houston [1st Dist.] 2003, pet. denied). To discern that intent, we must consider the plain language of the statute and may consider the legislative history and the consequences from alternative construction. *See* TEX. GOV'T CODE ANN.

§ 311.023 (Vernon 2005); *see also Tex. Gas Transmission*, 105 S.W.3d at 97. We further consider statutes as a whole rather than their isolated provisions. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Finally, we presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *Id.*

## B.    Analysis

Metro Hospitality argues that section 42.08 mandates a hearing after a party has filed a motion to determine substantial compliance with the section. Filing a motion is not the only prerequisite, however. Subsection (d) provides, in pertinent part, "On the motion of a party and after the movant's compliance with Subsection (e), the court shall hold a hearing to review and determine compliance with this section . . . ." TEX. TAX CODE ANN. § 42.08(d). Subsection (e) requires the movant to provide 45 days' notice of the hearing to determine substantial compliance. *Id.* § 42.08(e).

By the plain language of the statute, then, compliance with subsection (e) is a condition precedent to the requirement for the trial court to hold a hearing to determine substantial compliance. *Id.* § 42.08(d). It is established that Metro Hospitality did not provide 45 days' notice of any hearing to determine substantial compliance. Because the conditions precedent for the hearing were not met, Metro Hospitality has not established its right to the hearing.

Metro Hospitality correctly points out that subsection (e) and the reference to it in subsection (d) were added to the statute in September 1, 2009. *See* Act of May 26, 2009, 81st Leg., R.S., ch. 530, § 1, 2009 Tex. Gen. Laws 1229, 1229. Metro Hospitality argues that the legislative history from 2009 and before establish that the Legislature did not intend to make the 45-day notice requirement a condition precedent. Even if we agreed with this argument, however, "[w]hen a statute's language is clear and unambiguous it is inappropriate to resort to the rules of construction or extrinsic aids to construe the language." *Molinet v. Kimbrell*, 356 S.W.3d 407, 414 (Tex. 2011) (internal quotations omitted). The Supreme Court of Texas has explained,

> Construing clear and unambiguous statutes according to the language actually enacted and published as law—instead of according to statements that did not pass through the law-making processes, were not enacted, and are not published as law—ensures that ordinary citizens are able to rely on the language of a statute to mean what it says.

*Id.* We find no ambiguity in the plain language of the pertinent portions of subsection 42.08(d). Accordingly, we may not rely on the legislative history to create a meaning contrary to the plain language of the statute.

Metro Hospitality also relies on the first sentence of subsection (d) to argue that the statute requires a hearing without a 45-day condition precedent. The first sentence of subsection (d) provides,

10

> After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts.

TEX. TAX CODE ANN. § 42.08(d). We agree that this sentence establishes a movant's right to a hearing to determine substantial compliance with the tax payment requirements. But it does not stand alone. *See TGS-NOPEC Geophysical*, 340 S.W.3d at 439 (holding courts consider statutes as whole rather than their isolated provisions). As we have held, the second sentence establishes the conditions precedent the movant must satisfy before the right to the hearing is established. Nothing in the first sentence nullifies or qualifies these conditions precedent. Metro Hospitality did not provide 45 days' notice of a hearing on its motion for substantial compliance. Accordingly, it has not satisfied all conditions precedent entitling it to a hearing. *See* TEX. TAX CODE ANN. § 42.08(d).

We overrule Metro Hospitality's second issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

11